## MARYLAND CASUALTY CO. v. CONSUMERS FINANCE SERVICE, Inc., OF PENNSYLVANIA et al.

### No. 4179.

District Court, M. D. Pennsylvania.

May 24, 1938.

Charles B. Lenahan, of Wilkes-Barre, Pa., for plaintiff.

Walsh & Fadden, of Scranton, Pa., for defendant Sam Feldman.

James P. Harris, of Wilkes-Barre, Pa., for defendant Ross White.

Al. J. Kane, of Wilkes-Barre, Pa., for defendants Richard Farrell and others.

WATSON, District Judge.

Plaintiff brought this petition under the Declaratory Judgment Act, Jud.Code, § 274d, 28 U.S.C.A. § 400. The Defendants, Sam Feldman, Ross White, Richard Farrell, John Wallace, Ralph Montgomery (Montigney), Andrew Thomas, and the Republic Oil Company have filed motions to dismiss.

Proper understanding of the questions raised requires a brief summary of the facts alleged in the petition, which are, inter alia, as follows: Plaintiff is an insurance company engaged in the business of insuring against liability for damages arising out of the use of automobiles, and, in August 1937, issued its policy of insurance to the Defendant, Consumers Finance Service, Inc. (hereinafter called the "Finance Co.") insuring it against damages imposed by law for injuries or death to individuals or damage to property caused by automobiles used in its business by agents and employees of the Finance Co. On September 7, 1937, the Finance Co. directed one of its employees, George T. Smith, to go to the premises of one Michael Hanshulak and repossess an automobile which was pledged as security for a loan made by the Finance Co. Smith was directed to turn the car over to the Defendant, Sam Feldman, a dealer in used cars, with whom the Finance Co. had arranged to take the car on consignment for resale. Smith picked up one Rex Huddy, an employee of Feldman's place of business, and both drove to the home of Hanshulak in an automobile used in the business of the Finance Co. Smith took possession of Hanshulak's automobile, and then turned it over to Huddy, who tried to start it but was unable to do so. Smith then drove the other automobile behind the Hanshulak automobile, and

pushed it for some distance until its motor started, and Huddy began to drive it under its own power. At a point near the gasoline station of the Defendant, Republic Oil Company, Huddy lost control of the automobile and crashed into a gasoline station and ran into the Defendants Ross White, Ralph Montgomery (Montigney), Andrew Thomas, John Wallace and Richard Farrell, injuring them and damaging the property of the Republic Oil Company and of the Horn Dairy Company. At the time of the accident Smith was in the other automobile some distance behind the automobile involved in the accident. The Plaintiff asks that a judgment declaring that it is under no duty to defend suits which have or may be brought against the Finance Co. by reason of the accident; that the accident was not covered by Plaintiff's policies of insurance; and that Defendants be enjoined from prosecuting their causes of action pending decision of this action.

The ultimate question is, whether this Court should in its sound discretion proceed to the decision of the questions of fact and of law necessary to be disposed of in order to grant the relief prayed.

The Federal Declaratory Judgment Act, Jud.Code § 274d, 28 U.S.C.A. § 400, supra, provides in part as follows:

"(1) In cases of actual controversy * * * the courts of the United States shall have power upon petition * * * to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

By the terms of the statute, the Courts are given power to grant relief or withhold it in their discretion. It is designed to avoid the accrual of avoidable damages to one not certain of his rights which may result because the usual legal or equitable remedies are not adequate or are not presently available. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852. It should be construed liberally in favor of effectuating its purpose but strictly against encroachment upon jurisdiction of State Courts and against the prolongation and increase of litigation.

In the present case, the Plaintiff asks the Court to determine whether it is required to defend suits which may be brought against its insured. The damage which may accrue to it consists in the costs and expenses incident to litigation. There is little doubt that unless this Court grants the relief prayed, Plaintiff will be put to considerable expense in defending the suits which will result from the accident referred to in the petition.

The question whether the Court should in its discretion entertain a petition under the act is a practical one to be decided on the basis of the facts of each case, and after careful consideration I have come to the conclusion that upon the facts here presented the petition should not be entertained.

There is no assurance that by entertaining this petition this Court would terminate further litigation. Only by a decision in favor of the Plaintiff will it be saved the expense of defending suits against the Finance Co. The issue upon which the determination of Plaintiff's legal position depends is, whether Huddy was acting as the agent of the Finance Co. when the accident happened. Determination of that question would require a jury trial in this Court and the expense of such trial would be just as great as that involved in defending an action for damages. A decision in favor of the Plaintiff would terminate litigation as to it, but would not affect the necessity of actions by the persons damaged against Feldman, Huddy and, perhaps, Smith. Thus, by entertaining this petition, this Court would make it necessary for the persons damaged to bear the expense of an additional lawsuit, regardless of the outcome here.

Decision of the issue against the Plaintiff would leave the parties in the same position as at present. Actions would then proceed in the State Courts just as though this petition had never been presented, and all parties, including the Plaintiff, would have to bear the expense of an additional lawsuit. It is interesting to consider whether, in such case, the decision of this Court on the question of Huddy's agency would be binding upon the State Court trying the damage suits.

In this case I can find no legally operative reason why jurisdiction should be assumed. Plaintiff would be put to substantially as much expense and inconvenience in this Court as in the State Courts and might be required to appear in both Courts. The persons damaged would almost certainly be required to appear in both Courts.

In the State Courts every issue relating to liability can be determined at one time. In this Court only a single issue affecting only one of the persons who might be liable for the damages suffered could be determined. Under the circumstances, I can see no motive for the petition other than an attempt to confer upon this Court jurisdiction over a matter which in my opinion should be decided elsewhere.

Now, May 24, 1938, the motions to dismiss are sustained, and the Petition for a Declaratory Judgment is dismissed as to all Defendants.