## LUMBERMENS MUT. CASUALTY CO. OF ILLINOIS (AMERICAN) v. CIERI et al.

### No. 1293.

District Court, M. D. Pennsylvania.

May 25, 1938.

Oscar J. Brown, of Syracuse, N. Y., and Bialkowski & Bialkowski, of Scranton, Pa., for plaintiff.

David Landau, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a Bill in Equity under the Declaratory Judgment Act, Jud.Code § 274d, 28 U.S.C.A. § 400. One of the Defendants, Ethel Pagliari, has filed a motion to dismiss the Bill of Complaint and this motion is now before the Court for disposition.

It is alleged in the Bill that it issued its policy of insurance to one Timms & Howard, Inc., insuring it against liability imposed by law for injuries to person or property caused by a certain automobile described in the policy while being used in the business of the insured, and similarly insuring any person so using the automobile with the consent of Timms & Howard, Inc.; that, on September 5, 1937, the automobile described in the policy of insurance, while being driven by one John A. Schill, Jr., was involved in an accident on a highway within the Northern District of New York; that the Defendants' herein received personal injuries and suffered property damage as a result of the accident and intend bringing suits against both Timms & Howard, Inc. and John A. Schill, Jr.; that, at the time the accident occurred the automobile was not being used with the consent of Timms & Howard, Inc. or in its business.

The Bill prays for a declaration that the automobile was not being operated in the business of Timms & Howard, Inc. or with its consent; and that by reason of these facts the Plaintiff is and will become under no obligation to Defendants with respect to damages suffered in the accident set forth, and will not become liable for the payment of any judgments which may be recovered by the Defendants in any actions which may be brought by them on account of damages suffered in said accident.

The facts of this case are substantially similar to the facts in the case of Maryland Casualty Co. v. Consumers Finance Service, Inc., et al., 23 F.Supp. 433, which was dismissed by this Court in an opinion and order filed May 24, 1938, and, much of what was said in that opinion, is applicable here. In addition, however, the instant case is defective in that the persons who would be most seriously affected by a decision of the issues involved are not made parties to the

436

proceeding. I refer to Timms & Howard Inc., and John A. Schill, Jr., the assured, and the person alleged to have been driving the automobile involved in the accident. A determination that the automobile was not being used in the business of Timms & Howard, Inc., as described in this Bill, might not prevent the Defendants from recovering a judgment against either or both, but it would deprive the Defendants of the right to demand that such judgment be paid by the Plaintiff. However, any determination of the issue now before the Court could not be binding on persons not parties to this suit, and, if a judgment should be recovered against Timms & Howard, Inc. and against John A. Schill, Jr., by the persons damaged, Plaintiff would be faced with a suit by the insured raising the same issues as are presented by this Bill.

Since the accident happened in the State of New York, and the persons against whom suit is intended, according to statement of counsel for Defendants herein, are residents of the State of New York, practical as well as legal considerations favor determination of all the issues arising out of the accident by the courts of New York, when suit is brought by the Defendants in this case. In such suit, all interested parties will be bound by the judgment entered. The expense to the Plaintiff will not be any greater and the expense and inconvenience to the Defendants will be much less. Finally, there will be no danger of conflicting decisions by different courts on the same issues.

Now, May 25, 1938, the motion to dismiss is sustained, and the Bill in Equity is dismissed as to all Defendants.