### GLENS FALLS INDEMNITY CO. v. BRAZEN et al.

#### No. 113.

District Court, M. D. Pennsylvania.

May 22, 1939.

James K. Peck, of Scranton, Pa., for plaintiff.

Bialkowski & Bialkowski, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to dismiss a complaint under the Declaratory Judgment Act, 28 U.S.C.A. § 400, and to dissolve a temporary restraining order which was granted pending the determination of the issues raised by the complaint.

The following are the essential facts alleged in the complaint: the plaintiff, Glens Falls Indemnity Company, issued an automobile insurance policy to one of the above named defendants, Ellison Connor. On Sunday, September 4, 1938, while this policy was in force, one of Connor's employees took the automobile covered by the policy, and without Connor's knowledge, permission, or consent used it on his own business. While so using the car, the employee collided with two other cars. The other defendants named in the action were injured in this collision, and have instituted suit against the defendant, Connor, in the Court of Common Pleas of Lackawanna County. Connor has demanded that the plaintiff insurance company defend the action against him in the state court, alleging that the plaintiff is required to do so under the terms of the policy.

Plaintiff has asked for a declaration of its right to refuse to defend the action brought against Connor in the state court, and for an order restraining the suit in the state court, until plaintiff's liability under the policy is finally determined.

█ The defendant, Joseph Meredick, has moved to dismiss the complaint on the ground that the questions raised cannot be properly determined under the Declaratory Judgment Act, citing in support of his motion the following cases: Lumbermans

Mutual Casualty Co. of Illinois v. Cieri, D. C., 23 F.Supp. 435; Maryland Casualty Co. v. Consumers Finance Service, D.C., 23 F.Supp. 433. These cases, involving substantially the same facts as the present case, held that an action could not properly be brought under the Declaratory Judgment Act. But these cases have been overruled by the Circuit Court of Appeals in Maryland Casualty Company v. Consumers Finance Service, 3 Cir., 101 F.2d 514, where at page 515, it is stated: "It is settled that a controversy between an insurer and its insured as to the extent of the insurer's responsibility under the insurance policy involves the rights of the insurer and will support a declaratory judgment proceeding. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Farm Bureau Mut. Automobile Ins. Co. v. Daniel et al., 4 Cir., 92 F.2d 838; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697." This appears to be a proper interpretation of the Declaratory Judgment Act, which provides that the district courts of the United States have power in cases of actual controversy " * * * to declare rights and other legal relations of any interested party petitioning for such declaration." A controversy between the insured and the insurer over the obligations of the insurer under the policy involves the rights and other legal relations of the insurer, and therefore the motion to dismiss the complaint must be dismissed.

This court has no power to continue the injunction restraining the defendants from prosecuting their suits in the state court pending the determination of the present action. Jud.Code § 265, 28 U.S.C. A. § 379; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514, 516.

And now, May 22, 1939, it is ordered that the motion to dismiss the complaint be and hereby is refused, and the rule granted thereon discharged, and the defendants are granted leave to file a further answer to the complaint within twenty days. It is also ordered that the temporary restraining order granted herein on March 11, 1939, be and hereby is vacated and dissolved, and the rule to show cause why the said temporary restraining order should not be continued pending the final disposition of this proceeding is discharged.