**MUTUAL LIFE INS. CO. OF NEW YORK**
**v. BRANNEN.**
**No. 19.**

District Court, S. D. Iowa, S. D.
Jan. 11, 1940.

124

Gamble, Read, Howland & Rosenfield, of Des Moines, Iowa, for plaintiff.

L. H. Mattox and Earl C. Fishbaugh, Jr., both of Shenandoah, Iowa, for defendant.

DEWEY, District Judge.

This action came on for hearing on January 9, 1940, at Creston, Iowa, on the motion filed by the defendant to dismiss plaintiff's petition.

By an amendment to the motion the defendant claims that the petition fails to state a claim against the defendant upon which relief can be granted, but by permission of the court the plaintiff has filed an amendment which cures the defect complained of, and by agreement of the parties the motion to dismiss is to apply to the petition as amended. The motion to dismiss then on the ground that the petition does not contain a claim is overruled.

In this connection also it is apparent that the petition alleges an actual controversy which is cognizable for determination in this court. That part of the motion to dismiss on the ground that there is not a jurisdictional amount involved is also overruled.

The only question of importance is whether the petition should not be dismissed on account of the situation presented by the record and the facts set forth in the affidavit accompanying the motion. The record discloses that Gerald L. Brannen was the owner of two policies of insurance providing death benefits in the amount of $2,500 each payable to his wife, this defendant, at the time of his death. The plaintiff here having denied liability, suit was brought on the two policies in the District Court of Page County, Iowa, on both policies and was by the Insurance Company removed to this court. The defendant here, desiring to have the matters heard in the State court, filed a motion to dismiss with the avowed purpose of bringing individual suits on each policy in the State court, as jurisdiction to try the same by the State court could be retained by this procedure. The motion to dismiss was resisted and immediately upon the court's sustaining the motion to dismiss the Insurance Company filed this petition with the idea of starting suit before it could again be instituted in the State court. The defendant here, however, did promptly bring such suits in the State court, and she is now insisting that under this situation this court should exercise its discretion and dismiss the suit.

The grounds alleged in the motion to dismiss are perhaps not sufficient. That is, it has been held by the Circuit Court of Appeals of this Circuit that the jurisdiction of this court is not defeated because of a speedy, adequate and complete remedy either at law or equity in some other court or in some other procedure. Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166, 168; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261, 263.

In neither of these cases, however, was it directly determined that the court could

not under all circumstances exercise a discretion and refuse to assume the jurisdiction authorized by Section 400, Title 28 U. S. Code, 28 U.S.C.A. § 400. This question was given consideration by the 8th Circuit in the Foulke case, supra; but no conclusion was arrived at as the majority opinion there states: "But the record presents no basis for a ruling by this appellate court upon the matter of judicial discretion argued by appellee, and we make none."

The 7th Circuit in the case of American Automobile Ins. Co. v. Freundt, 103 F.2d 613, expressly holds that the trial court does have some discretion in assuming jurisdiction to determine a controversy under the Declaratory Judgment Act and points out that the decisions of the 8th Circuit, above cited, did not decide the question. It seems to me that the reasoning in the Freundt case presents good law and that the facts in the case at bar are such as to require the exercise of that discretion by this court, and was brought to the attention of the court by the motion and in argument.

■ The situation here presented is one of an unseemly scramble between the attorneys as to which court should hear and determine the case. The jurisdiction of the State and Federal courts over the matter is concurrent and a determination of the question by either court may be plead as a bar in the proceedings had in the other court. No advantage to any one, it seems to me, can be attained by continuing the proceedings in this court, as, under the Declaratory Judgment statute above referred to, the defendant here would be entitled to a jury trial, if requested, and the same law is applicable whether the case is tried in the State or Federal courts. As this court will not have another jury in the Southern Division of this District until next fall, it would appear that the procedure in the State court would be more likely to result in a speedy settlement of the issues. The question of good faith is not involved, as the courts have repeatedly stated that the exercise of legal rights in the selection of the forum does not reflect upon the good faith of the party bringing the suit. While it is not a question of comity of courts, yet to permit the existence of a situation involving pressure on two concurrent courts to see which could have a case tried first is not to be encouraged.

It is apparent that the action to recover on the policies was first instituted in the Page County District Court. The fact that it was dismissed after being removed to this court with the avowed present intention of immediately reinstating it, or them, in the State court, all done in good faith, did not change the time of the commencement of the action, which was, when it was first instituted in Page County.

■ Based solely upon the law that the court may under certain situations exercise a discretion in accepting for determination a petition for a declaratory judgment, and upon the ground that the facts here require the exercise of such discretion, the motion to dismiss should be sustained. The Clerk will therefore enter the following order:

This action having come on for hearing on a motion to dismiss on the ground that under the facts presented, the court should exercise a discretion and refuse to entertain the complaint for a declaratory judgment, said motion is sustained, and plaintiff excepts.