## ANGELL et al. v. SCHRAM.
### No. 8111.

Circuit Court of Appeals, Sixth Circuit.
Feb. 9, 1940.

Edward P. Wright, of Detroit, Mich. (Bulkley, Ledyard, Dickinson & Wright,

all of Detroit, Mich., on the brief), for appellants.

Frank E. Wood, Jr. of Cincinnati, Ohio, (Robert S. Marx, Frank E. Wood, Jr., and Nichols, Wood, Marx & Ginter, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding under 28 U.S.C.A. § 400 (Act of June 14, 1934, c. 512, 48 Stat. 955) for a declaratory judgment as to the rights and obligations of appellants as debtors of the appellee.

Appellants' testate, Paul M. Bowen, died December 17, 1935, owing the First National Bank of Detroit, of which appellee is receiver, $248,782.67, secured by stocks in various corporations, some of which paid dividends.

Appellee, as pledgee, on receipt of dividends on the stocks, credited all of them to the principal of the indebtedness, none to interest. Bowen gave no direction to the receiver as to the application of the payments on the debt and appellants gave none until June 23, 1937, when they made a written request that they be credited to interest. At that time, the collected dividends were $14,784.50 and past-due interest $18,942.76.

Appellee, acting under instructions from the Comptroller of the Currency, declined to accede to appellants' request and has continued to credit all sums received on the principal.

Appellants, in their income tax returns for each of the years since 1936, have included in gross income these dividends and deducted an equal amount as interest.

The Commissioner of Internal Revenue, on audit and review, included the dividends in income but refused to allow interest deductions because appellee had credited them to principal, and by reason thereof, appellants' tax was increased $1,032.63 for the year 1936.

Based on the foregoing facts, appellants asked the court to declare that it was their legal right, and appellee's duty, to first credit all the dividends on past-due interest, the remainder, if any, to principal.

The court dismissed appellants' petition on the ground that it presented no actual controversy within the meaning and intent of the Declaratory Judgment Act; hence this appeal. Appellants admit that their only purpose in maintaining this action is to reduce their income taxes.

By the Act of June 14, 1934 (c. 512, 48 Stat. 955, 28 U.S.C.A. § 400) Congress invested the federal courts with power to declare rights and other legal relations of any interested party petitioning therefor in cases of actual controversy, provided such declaration should have the force and effect of a final judgment.

The rationale of the act contemplated a declaration in respect of a cause of action residing in the parties, which means a legal demand of one's right with judicial relief.

It is not essential to the jurisdiction of the court under the act that some wrong is immediately threatened but the mere surmise that some right or claim may be asserted does not confer jurisdiction. The seeds of a controversy must sprout before the court may take notice.

The plaintiff must establish facts which give rise as a matter of law to an existing or imminent invasion of his rights by the defendant which would result in injury to him. This rule is fundamental and in order to maintain an action, the injury must flow directly from, and be the probable and natural result of, the wrong of which plaintiff complains. This concept excludes all remote and incidental matters and is confined solely to the determination of controversies, actual or contemplated, between the parties. Ætna Life Insurance Company v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

In the present case, the appellants make no declaration that appellee is indebted to them in any sum by reason of crediting the dividends to the principal of the indebtedness and no such contention could be made because the aggregate sum the estate would be required to pay if it should liquidate in full would be less than if the credits were first applied to interest. This follows because the principal sum on which interest is charged is lessened each year by the credits and if the estate be insolvent, without paying the principal in full, no interest would ever be paid.

The declaration of rights which appellants seek, if granted, would be incident to and remote from this action, and would operate against parties who are absent and have had no opportunity to be heard. It

would not terminate the uncertainty or controversy which appellants have with the Treasury Department.

█ The court lacks the power to declare rights in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action or where the declaration under all circumstances is not necessary or proper at the time.

██ In the present case if we should give aid to appellants' admittedly vicarious purpose in instituting this action, it would not be binding on the Treasury Department, because no Government official is a party to the suit. Sage v. United States, 250 U.S. 33, 37, 39 S.Ct. 415, 63 L.Ed. 828; Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 312, 53 S.Ct. 150, 77 L.Ed. 325; Bowers v. American Surety Co., 2 Cir., 30 F.2d 244.

The internal revenue laws provide adequate procedure to determine the issue here sought to be raised.

Judgment affirmed.