## HAMMETT v. WARNER BROS. PICTURES, Inc.

United States District Court
S. D. New York.
Jan. 3, 1949.

Zissu & Marcus, New York City (Leonard Zissu, Abraham Marcus, and Lewis A. Dreyer, New York City, of counsel), for plaintiff.

R. W. Perkins, New York City (Morris Ebenstein, Joseph D. Karp, New York City, and Harry R. Olsson, Jr., Brooklyn, N.Y., of counsel), for defendant Warner Bros. Pictures, Inc.

KAUFMAN, District Judge.

Plaintiff moves for summary judgment in an action for a declaratory judgment. De-

fendant cross moves for summary judgment dismissing the complaint.

Plaintiff, Dashiell Hammett, is the author of a story entitled "The Maltese Falcon", the leading character of which is a detective known as "Sam Spade." In 1930 the story was the subject of a sale by the plaintiff and Alfred A. Knopf, Inc., the then owner of the copyright, to the defendant, Warner Brothers Pictures, Inc.

Pursuant to the rights acquired under the contract, which included the motion picture and radio rights to the writings, Warner Brothers produced three photoplays derived from the story. The last of these, produced in 1941, was highly successful, and Warner Brothers is the copyright owner thereof.

In the early part of 1946, Hammett granted to the predecessors of Regis Radio Corporation an authorization to use the character "Sam Spade" in the fields of radio and any other media of the entertainment industry. Thereafter weekly network broadcasts entitled "The Adventures of Sam Spade" ensued, for which Hammett receives a royalty of $400 per broadcast. Each of the radio programs is a half-hour dramatization of an adventure in which the character "Sam Spade" is employed in the role of a private detective.

The programs are produced by said Regis Radio Corporation under the direction of William Spier. They originate from California over the facilities of the Columbia Broadcasting System, Inc., and are under the commercial sponsorship of Wildroot Company, Inc.

In May of 1948, Warner Brothers instituted an action in the United States District Court for the Southern District of California, naming as parties defendants the Columbia Broadcasting System, Inc., William Spier, The Wildroot Company, Inc., and the Regis Radio Corporation. Alfred A. Knopf, Inc., was named as a formal party plaintiff.

The complaint in that action alleged that the defendants, by broadcasting "The Adventures of Sam Spade", were guilty of infringing the copyrights of, and unfair competition with, the story, the book, and the motion picture "The Maltese Falcon."

In June of 1948, Hammett commenced this action in which he seeks a declaration that under the terms of the agreement of 1930 Warner Brothers has no rights in the name and character "Sam Spade" except its use thereof in connection with the story entitled "The Maltese Falcon."

The complaint, after reciting the fact that the California action has been instituted, alleges that "the plaintiff herein * * was not joined as a party to that action although the controversy concerns solely his rights with respect to the character of 'Sam Spade' and the title containing the name of 'Sam Spade' by virtue of his aforementioned contract with the defendant * * *. The activities of the several defendants named in said California action which have resulted in the acts therein complained of by the defendant as the plaintiff therein followed from the granting of the * * * authorization by the plaintiff * * * to the * * * [predecessors of Regis Radio Corporation]."

By virtue of these allegations Warner Brothers became aware for the first time of Hammett's participation in the acts complained of in the California action, and thereupon served an amended complaint in that action joining Hammett as a defendant.

The amended complaint in the California action alleges that the copyright infringements and acts of unfair competition were committed by copying substantially "names, characters, scenes, language, dialogue, plot and other materials" from the copyrighted works.

All the defendants in the California action have appeared.

Although the plaintiff's motion was made first, the nature of the cross-motion is such that it should take precedence in this discussion.

Warner Brothers urges as its primary ground for dismissal that this court should not grant a declaratory judgment in view of the nature of the issues involved in the California action.

The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is a valuable addition to federal procedural law and should be liberally construed to effectuate the purposes for which it was designed.

■ However, even though jurisdiction exists, the granting of a declaration is not mandatory, Associated Indemnity Corporation v. Garrow Co., 2 Cir., 125 F.2d 462; the court may refuse it in the exercise of a sound judicial discretion. Automotive Equipment, Inc., v. Trico Products Corporation, D.C., 11 F.Supp. 292.

If this court were to grant a declaration on the single issue presented here, such declaration, whatever it might be, would not determine the entire controversy between the parties. Irrespective of what declaration might be made here with respect to whether or not Hammett retained the right to license the use of the character "Sam Spade"—the only issue here involved—there would remain undetermined the question whether or not he infringed in the other respects alleged in the California action. This could be determined only upon a consideration of the facts relating to all the infringements alleged there—facts not involved in the issue tendered here. And, moreover, nothing decided here could be a binding adjudication upon the parties in the California action who are not parties here.

The only effect of a declaraton here would be a partial determination of the controversy existing between Hammett and Warner Brothers; it would neither settle the legal relations nor terminate the entire controversy between the parties. There can be a complete determination of all the issues as to all the parties only in the California action, for it is only in that action that all the issues are raised and all the parties have appeared.

■ In these circumstances, the exercise of sound judicial discretion requires this court to decline to render the declaration. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; Borchard, Declaratory Judgments (1941 2nd Ed.), pp. 299–314.

■ The fact that this action was instituted prior to the joining of Hammett as a defendant in the California suit does not operate to change the result reached here. The decisive test is not when the actions were started or the parties joined, but rather whether or not the circumstances at this time are such that the granting of the relief prayed for will effectuate the purposes of the Declaratory Judgment Act. Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411. The fact still remains that it is only in the California action that there can be a complete determination of the entire controversy.

The motion to dismiss is therefore granted. Settle order on notice.