**H. J. HEINZ CO. v. OWENS.**
**No. 12655.**

United States Court of Appeals
Ninth Circuit.

May 9, 1951.

Rehearing Denied Aug. 14, 1951.

Frederick M. Fisk, San Francisco, Cal., William H. Parmelee, Pittsburgh, Pa. (Paul M. Duff, Christy Parmelee & Strickland, Pittsburgh, Pa., Chickering & Gregory, San Francisco, Cal., of counsel), for appellant.

Morris Lowenthal, San Francisco, Cal., for appellee.

Before BONE, POPE and HASTIE (Sitting by special designation), Circuit Judges.

HASTIE, Circuit Judge.

On motion for summary judgment, the district court dismissed appellant's amended complaint which sought first a declaration that a patent of appellee was either invalid or not infringed by appellant's structures and second, an injunction to restrain certain proceedings involving the patent in the Superior Court of the State of California. This appeal followed.

The complaint and documents supporting the motion for summary judgment were before the district court. They reveal the theory and circumstances of this action and the history of prior litigation between the parties. The patent in suit, No. 2,089,412,

was issued to the appellee Owens in 1937 for "Improvement in Vinegar Generator". In the early 1940's, the appellant corporation, H. J. Heinz Company, hereinafter denominated Heinz, relying on a purported license from Owens, built and used certain structures. Owens sued Heinz in the Superior Court of California alleging, among other things, that the purported license was fraudulently obtained and invalid, and that Heinz was then unlawfully operating and threatening to build and operate in the future vinegar generators covered by the Owens patent. Owens prayed for declaratory and injunctive relief with reference to the status of the purported license and the continuing obligation of Heinz to refrain from using generators covered by the Owens patent. In December 1944, this litigation resulted in a decree for Owens restraining Heinz "from asserting or claiming the right or license to build or have built for itself or to maintain or operate vinegar generators of the type, kind or character covered by any Letters Patent of the United States owned by plaintiff, Charles H. Owens".[1] This decree became final and no appeal was taken.

Several years later, in September 1949, and in the same law suit, Owens charged Heinz with violation of the 1944 decree and petitioned the court to order Heinz to show cause why it should not be adjudged in contempt. Heinz undertook to remove the proceedings to the federal district court but, after hearing, the district court remanded the cause to the state court. Heinz then sought relief through the present original action in the district court claiming that a justiciable controversy under the Federal Declaratory Judgment Act[2] arose when Owens prayed for the above described order to show cause in the state court. By timely amendment, Heinz added to its petition for declaratory judgment an allegation that in the circumstances of the case, the 1941 decree of the state court constituted an unlawful encroachment on federal jurisdiction under the patent laws. And on that theory, Heinz prayed for an injunction restraining Owens from further pursuing the contempt proceedings.

█ As a suit for an injunction to restrain Owens from pursuing the pending contempt proceedings in the state court or from asserting therein that Heinz had built or operated generators of a type covered by the Owens patent in violation of the decree of the state court, the petition in this action seeks relief beyond the power of a court of the United States. Section 2283 of Title 28 of the United States Code, the present codification of a statute originally enacted in 1793,[3] expressly deprives the courts of the United States of authority, subject to narrow exceptions not relevant here, to "grant an injunction to stay proceedings in a State court". The Supreme Court has recently admonished that "We must be scrupulous in our regard for the limits within which Congress [in Section 2283] has confined the authority of the courts of its own creation". Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 148, 86 L.Ed. 100.

Many years ago this court construed that section as prohibiting interference with proceedings for the enforcement of a judgment of a state court. Mills v. Provident Life & Trust Co., 9 Cir., 1900, 100 F. 344. More recently, the Supreme Court has adhered to the same doctrine saying that "proceedings in a State court" within the meaning of Section 2283 include "any proceedings supplemental or ancillary taken with a view to making the suit or judgment effective". Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct., 278, 283, 80 L.Ed. 293.

██ This statutory prohibition is not avoided by framing an injunction as a restraint on a party litigant rather than directly against the state court itself. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1940, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; Coeur D'Alene Ry. & Nav.

1. Subsequently, but in a proceeding in the same suit, the Superior Court construed this decree as restraining the use of infringing structures whether embraced in the purported license or not.

2. 48 Stat. 955 (1934), 28 U.S.C. §§ 2201, 2202 (Supp. 1950), 62 Stat. 964 (1948), as amended 63 Stat. 105 (1949), 28 U. S.C. §§ 2201, 2202 (Supp. 1950).

3. Act of Mar. 2, 1793, 1 Stat. 333, 335 (1845).

Co. v. Spalding, 9 Cir., 1899, 93 F. 280. It is equally clear that no power to grant such injunctive relief can be created by casting a law suit as an action seeking both a declaratory judgment and an injunction. Ballard v. Mutual Life Ins. Co., 5 Cir., 1940, 109 F.2d 388; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 1938, 101 F.2d 514; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1938, 99 F.2d 665.

Thus, a plain prohibition embodying a long established and recently reemphasized policy against federal interference with state proceedings prevents the granting of injunctive relief in this suit.

Procedurally, this is also a suit for a declaratory judgment as to the scope, validity and infringement of a patent. But in essential character and purpose it is something else.

An outstanding decree of a state court prohibits Heinz from making or using vinegar generators which are covered by the Owens patent. The present complaint admits on its face that the only controversy between the parties is that created by the action of Owens in petitioning the state court to adjudge Heinz in contempt of that decree. And, acting upon that petition before the complaint in this suit was filed, the state court had ordered Heinz to show cause why it should not be adjudged in contempt. Apparently, that matter now awaits final disposition on the merits of the contempt charge.

It also appears that the contempt proceedings were filed in the state court in September 1949; that in October 1949 that court overruled motions to dismiss and that the present action was filed in the district court on November 7, 1949. Even after that filing, Heinz did not attempt to cause the complaint to be served immediately. Instead, it undertook to have the state contempt proceedings removed to the federal district court. But the district court ordered the matter remanded to the state court. Thus frustrated, Heinz proceeded with the service of the present original complaint and the prosecution of this action.

In these circumstances, we think that both the chronology and the subject matter of the litigation in state and federal courts require the conclusion that the present suit is a device to bring within federal jurisdiction the very controversy, litigated and in litigation in the state court, which the district court had refused to accept on removal proceedings. The state court has already decided that Heinz may not use generators covered by the Owens patent and is in process of determining whether there is occasion to punish Heinz for so doing. The district court is asked to decide that Heinz may lawfully use such generators. To put the matter somewhat differently: in one aspect already discussed, this suit is an effort to interfere directly through federal injunction with state proceedings to enforce a state decree; in another, it is an effort to embarrass the state proceedings or at least to obtain a federal adjudication contrary to the state judgment and thus possibly helpful to the defense in the state contempt proceedings.

This analysis makes pertinent what the Court of Appeals for the 7th Circuit said in American Automobile Ins. Co. v. Freundt, 1939, 103 F.2d 613, 617: "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act, and such would be the result in the instant case." To the same effect, see Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 1941, 123 F.2d 558. Other courts have similarly emphasized the perversion of the purpose of declaratory judgment legislation which occurs when it is used to anticipate the result of litigation pending in another forum or to reexamine what has there been decided. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 137, 92 F.2d 321; Back's Guardian v. Bardo, 1930, 234 Ky. 211, 27 S.W.2d 960; State ex rel Baird v. Board of Commissioners, 1924, 117 Kan. 151, 230 P. 531. Compare opinions in the Court of Appeal of Lord Justices Sargent and

Lawrence, Jaeger v. Jaeger Co., 1927, 44 Rep.Pat.Cas. 437, 449–50, 453.

Such interference with prior or pending litigation appears in most serious aspect where a federal declaratory judgment would impinge on a state proceeding. The danger of such conflict is real in the present situation. Any declaration of rights favorable to Heinz which might issue in this case would not preclude the state court in the proceedings now pending before it from adjudging Heinz in contempt of its outstanding order or from imposing coercive sanctions to the end that Heinz desist from the use of the structures in controversy. In such event, the fruits of declaratory relief would be unseemly conflict between federal and state courts and more litigation between the parties to resolve that conflict.

■ The strong and consistently recognized national policy to avoid such needless conflict or friction between state and federal courts underlies and finds legislative expression in Section 2283 of Title 28, discussed above. It is true that this statutory denial of power to interfere with a state proceeding by injunction is not an express mandate to refrain from interference under the same circumstances by a less drastic declaration of rights. But, at least, this statute and the policy underlying it afford sound basis for a judicial conclusion that the granting of such declaratory relief would constitute an abuse of discretion. This line of reasoning has been adopted by the Supreme Court in disapproving a de-

claratory determination of the invalidity of a state tax where a federal statute and underlying policy prohibited enjoining enforcement of a state tax. Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.[4] The same considerations apply here.

Seeking to avoid this conclusion, appellant has argued that the state court had no power to issue an injunction in the nature of a general restraint upon its use of structures covered by the Owens patent and that so much of its decree as has that effect should be regarded as a nullity. Apparently this challenge to the power of the state court was not made until a contempt citation had issued four years after final decree. In any event, the entire matter is now before the state court in the proceedings which are now pending. Decision upon that court's power will be explicit or necessarily implied in whatever it may do. We find no justification for prejudging the question or for assuming that the tribunal will not respect any controlling limitations upon its power. Cf. Adams v. Decoto, D.C.S.D.Cal.1927, 21 F.2d 221. But if it should err and a substantial federal question should be involved, there is open a course of review even to our highest court.[5]

All these factors considered, we conclude that the granting of injunctive relief in this case is prohibited by statute and the granting of declaratory relief would constitute a plain abuse of discretion. It follows that dismissal of the petition as ordered below was the only proper course.[6]

The judgment is affirmed.

4. Compare the applications of this decision in Sellers v. Johnson, D.C.S.D.Iowa 1946, 69 F.Supp. 778; State of Wyoming v. Franke, D.C.D.Wyo.1945, 58 F.Supp. 890.

5. We intend no implication that the position of Heinz on the power of the state court is correct. There is substantial authority that state courts have power in a variety of situations to deal with questions of patent validity when the questions ecome before them incidental to decision of normal state court problems. See cases collected in Annotation, Jurisdiction of State Court over Actions Involving Patents, 1947, 167 A.L.R. 1114.

6. This conclusion forecloses a contention of appellant that the district court did not decide the case on any basis of discretion and should now be required to do so.