**ALLSTATE INS. CO.**

v.

**THOMPSON et al.**

Civ. A. No. 614.

United States District Court
W. D. Arkansas, El Dorado Division.
May 29, 1954.

Barber, Henry & Thurman, Little Rock, Ark., for plaintiff.

Melvin E. Mayfield and S. E. Gilliam, El Dorado, Ark., for defendants.

JOHN E. MILLER, District Judge.

Prior to the filing of the instant suit for a declaratory judgment, the present defendant, H. H. Thompson, on January 12, 1954, filed his complaint against the present plaintiff, Allstate Insurance Company, in the Circuit Court of Union County, Arkansas, and service of summons was had upon Allstate on January 14, 1954. In that suit Thompson alleged that on October 25, 1952, Allstate issued him an insurance policy covering medical payments and damages to his automobile as a result of collision or upset; that on October 31, 1953, while said policy was in full force and effect, he was driving his automobile and was involved in an accident; that his automobile was damaged and he was required to incur medical expenses. Thompson prayed judgment against Allstate for the total amount of $2,080.

On January 23, 1954, Allstate filed the instant suit against H. H. Thompson, Herman G. Lowery, Mr. Thos. J. Woods, and Mrs. Thos. J. Woods, seeking a declaratory judgment declaring the policy issued to Thompson to be void because of an alleged false answer made by Thompson in his application for insurance, said false answer being relied upon by Allstate when it issued the policy to Thompson.

More specifically, Allstate alleges that it is an Illinois corporation; the defendants, H. H. Thompson and Herman G. Lowery, are citizens and residents of Arkansas; and the defendants, Mr. and Mrs. Thomas J. Woods, are citizens and residents of Louisiana. The amount in controversy exceeds the sum of $3,000.

That on October 24, 1953, plaintiff received a signed application from Henry H. Thompson for insurance on his 1952 Pontiac automobile, and that in said application Thompson had answered "No" to the question, "Has any Insurer ever cancelled any automobile insurance issued, or refused any automobile insurance to the applicant or to any of his household?" On October 25, 1953, having received said application and relying upon the representations therein, plaintiff issued its policy No. 10 514 148 10 25 to Thompson.

Plaintiff alleges that Thompson's answer to the above-quoted question was false and known to be false by him; that plaintiff did not know the answer was false and would not have issued the policy if it had been advised that said answer was false; that Thompson had had an automobile liability policy cancelled by the National Farmers Union Property & Casualty Co. of Denver, Colorado, on March 16, 1953.

On October 31, 1953, Thompson, while driving said automobile, was involved in a collision with a car driven by the defendant, Thomas J. Woods; that the said collision occurred on United States Highway 190 approximately two miles east of Lavonia, Louisiana; that at the time of the accident Thompson had a passenger in said car, namely, the defendant Herman G. Lowery, and that Mrs. Thomas J. Woods was a passenger in her husband's car; that Mr. and Mrs. Woods and Lowery were injured in said collision.

Thompson has filed suit in the Circuit Court of Union County, Second Division, against plaintiff for $1,998 damages to his automobile and for $82 for hospital and medical expenses; that Lowery is claiming damages on account of personal injuries in excess of $2,000; and that

other demands will be made upon plaintiff by Mr. and Mrs. Woods for personal injuries and property damage.

Plaintiff further alleges that a controversy exists between it and the defendants as to whether it had any liability under the policy to any of the defendants; that it is necessary that plaintiff obtain relief in the nature of a declaratory judgment in order that the matter may be adjudicated with all possible speed and in order to prevent a multiplicity of suits.

Plaintiff prays for relief in the nature of a declaratory judgment (1) declaring the said policy void by reason of the false answer of Thompson, (2) declaring that there is no liability under said policy on the part of plaintiff to any of the defendants, (3) enjoining the defendant, H. H. Thompson, from further prosecuting the action brought by him in the Union Circuit Court, and that said injunction continue until a hearing and final determination of this cause, and (4) enjoining the defendants, Herman G. Lowery, Mr. Thos. J. Woods, and Mrs. Thos. J. Woods, temporarily during the pendency of this action, and permanently after final determination of the issues herein, from proceeding in any manner to attempt to recover any sum or sums from plaintiff by reason of the issuance of the policy to Thompson.

On January 30, 1954, the defendant, H. H. Thompson, filed his separate answer and motion to dismiss in which he denied that the amount in controversy exceeded the sum of $3,000, and denied that the question heretofore set forth was propounded to him or that he answered the same or that he signed an application with any knowledge that any such question was contained therein; he alleged that if such question appears in any application signed by him, his signature was obtained by and through the fraud of the agent of plaintiff. He denied that plaintiff relied upon the alleged statement in his application.

Thompson alleged that he was not liable for any injuries received by Lowery, since Lowery was his guest, and he denied that either Mr. or Mrs. Wood or Lowery had made or would make any demand upon plaintiff.

He alleged that on January 12, 1954, he filed suit against plaintiff in the Union County Circuit Court; that said suit was pending at the time of the institution of this action; that the Union County Circuit Court had exclusive jurisdiction of the matter and that plaintiff could answer in that suit and plead any defense it might have, including the defense that the policy was procured by fraud.

Thompson prayed that the complaint be dismissed, and that if it were not dismissed, that he be granted a jury trial on all issues of fact.

On the record as it then stood, the Court on February 26, 1954, wrote the attorneys for the respective parties a letter stating, inter alia, the following:

"It is evident that there are several questions raised by the pleadings which should be determined before this case reaches a trial on the merits.

"In the first place, jurisdiction of the Court is questioned on the ground that the requisite jurisdictional amount is not involved. It is true that Thompson is only asserting a claim for $2,080.00 against plaintiff in the State Court action, and it may be true that no other claim has been or will be asserted against plaintiff as a result of the collision involved herein, but, nevertheless, the Court is of the opinion that the requisite jurisdictional amount is involved. Generally, the maximum amount for which the insurance company may be held liable is the amount in controversy where a declaratory judgment is sought on an automobile liability insurance policy. New Century Casualty Co. v. Chase, D.C.W.Va., 39 F.Supp. 768, 771; Builders & Manufacturers Mut. Casualty Co. v. Paquette, D.C.Maine, 21 F.Supp. 858, 864. And, apparently that is the rule in this Circuit. See, Home Ins. Co. of New York v. Trotter, 8 Cir., 130 F.2d 800, 803; Security Insurance Co. v. Jay, D.C.

Minn., 109 F.Supp. 87, 89. Thus, it appears that in the instant case, since plaintiff's maximum liability is in excess of $3,000, the requisite jurisdictional amount is involved.

"Likewise, even though the Court does not acquire jurisdiction over the defendants, Mr. and Mrs. Woods, nevertheless the Court has jurisdiction of the instant suit since said defendants, although proper parties, are not necessary parties to this action. Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166, 168; Hoosier Cas. Co of Indianapolis, Ind. v. Fox, D.C.Iowa, 102 F. Supp. 214, 224.

"It follows from the foregoing that the Court has jurisdiction of the instant suit * * *.

"However, while the Court does have jurisdiction of the action, the question of whether the Court will entertain said action addresses itself to the sound judicial discretion of the Court. * * * *"

The Court set defendant's motion to dismiss for a hearing on March 30, 1954, on the question of whether the Court, in the exercise of a sound judicial discretion, should entertain plaintiff's suit for a declaratory judgment. At the hearing it was disclosed that in the meantime Mr. and Mrs. Woods on February 15, 1954, had filed a suit against Allstate and Thompson in the United States District Court, Eastern District of Louisiana, Baton Rouge Division, said suit being based upon the collision between the automobile driven by Thompson and the one driven by Woods. The parties did not introduce at the hearing the pleadings filed in the Louisiana Federal Court, and this Court was not advised of the exact status of that suit. On the record as it then stood, the Court concluded that plaintiff's complaint should not be dismissed, and an order was entered overruling defendant's motion to dismiss.

Subsequently, on April 14, 1954, the defendant, Herman G. Lowery, filed herein his separate answer in which he alleged, inter alia, that prior to the institution of this suit he, on November 20, 1953, assigned to the Baton Rouge General Hospital of Baton Rouge, Louisiana, his claim against Allstate for hospital bills and medical expenses incurred as a result of the collision; that the said Hospital is not a party to this suit and service of process cannot be had upon said Hospital; that neither Mr. or Mrs. Woods have been served with process; and that this Court has not acquired and cannot acquire jurisdiction over said defendants.

Lowery further alleged that both he and the Baton Rouge General Hospital have employed the same counsel who represent the Woods in the Louisiana case, and both have intervened in the Louisiana suit; that under the Louisiana law he, although a guest of Thompson at the time of the collision, may assert his claim against Thompson in the Louisiana case.

Lowery prayed that plaintiff's complaint be dismissed since there were pending two suits (the Union Circuit Court suit and the Louisiana suit) in which all claims and defenses of all parties could and would be determined, and a declaratory judgment was therefore unnecessary.

On April 15, 1954, the defendant, H. H. Thompson, filed an amendment to his answer, and renewed his motion to dismiss upon the same grounds as set forth in Lowery's answer and prayer for dismissal.

In view of these subsequent developments, the Court ordered the case set for another hearing on the question of whether plaintiff's action for a declaratory judgment should be entertained. This hearing was had on April 22, 1954, and during the course thereof the parties introduced copies of the Woods' complaint and Lowery's intervention in the Louisiana action. (These pleadings disclose that both the Woods and Lowery are seeking to recover damages from Thompson because of injuries received as a result of his alleged negligence, and that they made Allstate a party defendant under the assumption that they could bring a direct action against Allstate by

virtue of its having filed a "Consent to be Sued" as required by the Louisiana law.) At the conclusion of the hearing the Court took the matter under advisement pending submission of briefs by the attorneys for the respective parties. The briefs have been received, and defendants' motions to dismiss are now ready for disposition.

Defendants now concede that the Court has jurisdiction, but contend that such jurisdiction should not be exercised in view of the facts in this case. To the contrary, plaintiff contends that the motions to dismiss should be determined upon the facts existing at the time the complaint was filed herein, January 23, 1954; that the Court had jurisdiction at that time and that subsequent developments cannot deprive the Court of jurisdiction.

■ Although there was originally some doubt as to the discretion resting with the District Courts, it now is conclusively settled that the granting of a declaratory judgment is dependent upon the exercise of a sound judicial discretion by the Court, and is not an absolute right conferred upon the litigant. Public Service Commission of Utah v. Wycoff Co., Inc., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291; Eccles v. Peoples Bank of Lakewood Village, California, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784; Brillhart, Administrator v. Excess Insurance Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620; Cha-Toine Hotel Apartments Bldg. Corp. v. Shogren, 7 Cir., 204 F.2d 256, 258; American Casualty Co. of Reading, Pa. v. Howard, 4 Cir., 173 F.2d 924, 927; Larson v. General Motors Corporation, 2 Cir., 134 F.2d 450, 453, certiorari denied 319 U.S. 762, 63 S.Ct. 1318, 87 L.Ed. 1713; Annotation, 142 A.L.R. 8, 17–24. However, the discretion conferred upon the Court "should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *." Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324; Hammett v. Warner Bros. Pictures, Inc., D.C.N.Y., 84 F.Supp. 28, 29, affirmed 2 Cir., 176 F.2d 145; Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C.Pa., 33 F.Supp. 362, 365.

■ It is true, as plaintiff contends, that the filing of subsequent suits in other courts will not deprive this Court of *jurisdiction.* Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175, 178; Aetna Life Ins. Co. of Hartford, Conn. v. Martin, 8 Cir., 108 F.2d 824, 828. But, the exercise of the Court's *discretion* should be based upon the facts existing at the time of the hearing or determination, and the respective dates of the filing of the various suits are not decisive; the crucial question is whether the relief sought can be more expeditiously and effectively obtained in the other suit or suits, or in the declaratory judgment action. Employers' Liability Assur. Corp. v. Mitchell, 5 Cir., 211 F.2d 441, 443; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31, 34–35, affirmed 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; Hammett v. Warner Brothers Pictures, Inc., 2 Cir., 176 F.2d 145, 150; Chicago Furniture Forwarding Co. v. Bowles, Price Administrator, 7 Cir., 161 F.2d 411, 413; Seaboard Surety Co. v. Texas City Refining, Inc., D.C. Del., 109 F.Supp. 468, 471.

■ The availability of another adequate legal remedy, or the pendency of another suit or suits which would not necessarily determine the controversy, does not militate against the granting of a declaratory judgment. Yellow Cab Co. v. City of Chicago, 7 Cir., 186 F.2d 946, 950; Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653, 657; Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518, 519; Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, 3 Cir., 101 F. 2d 514, 515.

It is important that the Court avoid encroaching upon the jurisdiction of the state courts, and ordinarily "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, Administrator v. Excess Insurance Co. of America, supra, at page 495 of 316 U. S., at page 1175 of 62 S.Ct., 86 L.Ed. 1620; Public Service Commission of Utah v. Wycoff Co., Inc., supra, at page 248 of 344 U.S. at page 242 of 73 S.Ct., 97 L.Ed. 291; Hammett v. Warner Brothers Pictures, Inc., supra, at page 150 of 176 F.2d; Chicago Furniture Forwarding Co. v. Bowles, Price Administrator, supra, at page 412 of 161 F.2d; Mutual Life Ins. Co. of New York v. Brannen, D.C.Iowa, 31 F.Supp. 123, 125; Automotive Equipment, Inc. v. Trico Products Corporation, D.C.N.Y., 11 F. Supp. 292, 294; Annotation, 135 A.L.R. 934. Cf., Atlas Life Insurance Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987.

■ Procedural fencing is to be discouraged, and thus a declaratory judgment proceeding should not be used as a device to bring into the Federal Court a case which is nonremovable. H. J. Heinz Co. v. Owens, 9 Cir., 189 F.2d 505, 508, certiorari denied 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677, rehearing denied 342 U.S. 934, 72 S.Ct. 374, 96 L.Ed. 696; Indemnity Ins. Co. of North America v. Schriefer, 4 Cir., 142 F.2d 851, 854; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 617; Atchison, T. & S. F. Ry. Co. v. Ross, D.C.Mo., 88 F. Supp. 451, 454.

■ Whenever possible all interested parties should be joined in the declaratory judgment action in order to avoid a piecemeal litigation of the matters in controversy; and a declaratory judgment should not be entered unless it disposes of the controversy, thus serving a useful and practical purpose. Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200; Cha-Toine Hotel Apartments Bldg. Corp. v. Shogren, supra, at page 258 of 204 F.2d; Yellow Cab Co. v. City of Chicago, supra, at page 950 of 186 F.2d; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965, 968; Angell v. Schram, 6 Cir., 109 F.2d 380, 382; W. R. Grimshaw Co. v. Nazareth Literary & Benevolent Institution, D.C.Ark., 113 F. Supp. 564, 573.

■ Only the parties before the Court are bound by a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274, 61 S.Ct. 510, 85 L.Ed. 826; Delno v. Market St. Ry. Co., supra, at page 968 of 124 F.2d; Angell v. Schram, supra, at page 382 of 109 F.2d; Central Surety & Ins. Corporation v. Norris, 5 Cir., 103 F.2d 116; Lumbermens Mut. Casualty Co. of Illinois (American) v. Cieri, D.C.Pa., 23 F. Supp. 435, 436; Bethlehem Shipbuilding Corporation, Limited v. Nylander, D.C. Cal., 14 F.Supp. 201, 207. Cf., Section 11, Uniform Declaratory Judgments Act.

■ The duty of an insurer to defend actions brought against the insured is an important, and often decisive, factor determining the propriety of the entertaining of a declaratory judgment action. New York Cas. Co. v. Lewellen, 8 Cir., 184 F.2d 891; American Casualty Co. of Reading, Pa. v. Howard, 4 Cir., 173 F.2d 924; Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, 3 Cir., 101 F.2d 514; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Northwest Cas. Co. v. Kirkman, D.C.N.C., 119 F.Supp. 828; Annotation, 142 A.L.R. 8, 67.

When the facts existing in the instant case are examined in the light of the foregoing principles of law, it seems clear to the Court that no useful purpose could be gained by entertaining plaintiff's suit herein.

■ As between Allstate and Thompson, precisely the same issues are involved in the State Court as are involved in this suit, since Allstate can and no doubt will defend that action on the ground of fraud in the procurement of the policy, as it has the right to do under the Arkansas law. Universal Life & Accident Insurance Co. v. Stuart, 219 Ark. 863, 245 S.W.2d 219; Progressive Life Insurance

Co. v. Hulbert, 196 Ark. 352, 118 S.W.2d 268; New Furniture & Undertaking Co. v. Tri-County Burial Club, 194 Ark. 1045, 109 S.W.2d 146. If Allstate prevails in that suit, the invalidity of the policy as between it and Thompson will be established, and likewise the absence of any duty on the part of Allstate to defend suits against Thompson will be settled. Contrarily, if Thompson prevails, the validity of the policy as between him and Allstate will be established, as well as the duty of Allstate to defend any actions against him resulting from the collision. In this connection, this case is to be distinguished from cases where, in the state court suit, the action is by an injured person against the insured. In those cases the determination of the liability or absence of liability on the part of the insured to the injured person would not settle the issue of the insurer's duty to defend. See Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, supra; United States Fidelity & Guaranty Co. v. Pierson, supra. But, in the instant case the suit in the State Court is between the insured, Thompson, and the insurer, Allstate, and the decision therein will determine the validity of the policy and the duty, if any, on the part of Allstate to defend suits against Thompson.

The Woods, not having been served, are not parties to this action, and were this Court to entertain the suit, the only thing it could decide which will not be decided in the State Court is Allstate's liability, if any, to pay any judgment Lowery might obtain against Thompson, and such liability, as well as all the rights and liabilities of the remaining parties, can be adequately and expeditiously determined in the Federal Court action in Louisiana. At the time of the hearing on the present motions to dismiss, all persons having any interest in the subject matter were parties to the Louisiana suit. It is true that Allstate, having been sued in a direct action, has the right to have the Louisiana suit dismissed as against it under the holding in Watson v. Employers Liability Assur.

Corp., Limited, 5 Cir., 202 F.2d 407. But, it also has the right to stay in the case. And, if it were not a party, it could intervene or be brought in as a third party defendant. Knapp v. Hankins, D.C.Ill., 106 F.Supp. 43; Automotive Equipment, Inc. v. Trico Products Corporation, D.C.N.Y., 11 F.Supp. 292. In either event, all the issues between all the parties would be decided in the Louisiana suit, along with the State Court suit. And, in fact, if the Louisiana suit is tried first and the policy is declared void, that holding will be res judicata and will necessitate the dismissal of the State Court action.

On the other hand, if this Court entertained the suit and the policy were declared to be valid, it would require at least three separate actions, including this one, to settle the controversy between the parties, i. e., (1) this declaratory judgment proceeding; (2) Thompson's suit in the State Court to determine the amount of his recovery against Allstate. (His claim against Allstate probably would have been a compulsory counterclaim in this action were it not for the fact that he had previously instituted the suit in the State Court. See Rule 13, Fed.Rules Civ.Proc., 28 U.S.C.A.; Aetna Life Ins. Co. v. Little Rock Basket Co., D.C.Ark., 14 F.R.D. 381); and (3) the Woods' suit against Thompson in the Louisiana Federal Court. Moreover, if the policy were declared invalid, it would still require three actions to settle the controversy, i. e., (1) this declaratory judgment proceeding; (2) the Woods suit against Thompson in Louisiana; and (3) if the Woods obtain a judgment against Thompson, a supplemental proceeding by the Woods against Allstate, either by garnishment or otherwise, which would require a relitigation of question of the validity of the policy as between the Woods and Allstate. See Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, at page 274 of 312 U.S., at page 512 of 61 S.Ct., 85 L.Ed. 826; Central Surety & Ins. Corporation v. Norris, supra, at pages 116, 117 of 103 F.2d; Lumbermens Mut. Casualty Co. of

Illinois (American) v. Cieri, supra, at page 436 of 23 F.Supp. The latter development would be a result of the fact that the Woods are not parties to this proceeding, and any judgment entered herein would not be binding upon them. See Delno v. Market St. Ry. Co., supra; Angell v. Schram, supra; Bethlehem Shipbuilding Corporation, Limited v. Nylander, supra.

The Court is aware of the fact that a declaratory judgment need not decide the whole controversy between all the parties, but in the instant case, due to the absence of interested parties, the only possible controversy the Court could decide would be Allstate's duty to defend, and that issue will, or at least can, be determined in the actions pending in the Arkansas State Court and the Louisiana Federal Court. To illustrate, if the State Court action is litigated first, the question of Allstate's duty to defend will be settled, and Allstate will know whether it is required to defend the Louisiana suit. On the other hand, if the Louisiana action is litigated first Allstate's duty to defend can be determined quite easily if it remains a party defendant, or if the case is dismissed against it and it then intervenes or is brought in as a third party defendant. See Knapp v. Hankins, supra. In this connection, ordinarily the Court would be reluctant to require an insurer to litigate in another court its duty to defend, but in the instant case Allstate can raise the question in the pending actions and the Court is convinced that this is a proper case in which to require the insurer to assert its claim or defense in the pending actions. See Vol. 6, Moore's Federal Practice, 2d Ed., Page 3038; cf., Hammett v. Warner Brothers Pictures, Inc., supra, at page 151 of 176 F.2d; Automotive Equipment, Inc. v. Trico Products Corporation, supra, at page 294 of 11 F.Supp.

To recapitulate, a judgment in this action would bind only the parties hereto, and regardless of the outcome two additional suits will be necessary to settle the whole controversy between the parties. But, all interested persons are parties to the Louisiana action and a judgment therein will be binding on all of said parties; if that case is tried first it will require possibly one, and at the most two, actions to settle the whole controversy between all the parties. Likewise, if the State Court suit is concluded first, it will determine the same question that would have been decided herein, rendering this declaratory judgment action unnecessary. In view of these facts, it seems that the following statement is applicable to the instant suit:

"'* * * the whole of the war and all the parties to it are in the Chicago theatre and there only can it be fought to a finish as the litigations are now cast. On the other hand if the battle is waged in the Delaware arena there is a strong probability that the Chicago suit nonetheless would have to be proceeded with for Acme is not and cannot be made a party to the Delaware litigation. The Chicago suit when adjudicated will bind all the parties in both cases. Why * * * should there be two litigations where one will suffice? We can find no adequate reason. We assume, of course, that there will be prompt action in the Chicago theatre.' 88 U.S.P.Q. 335, 337." Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., supra, at page 183 of 342 U.S., at page 221 of 72 S.Ct., 96 L.Ed. 200.

In the instant case all the claims and defenses of all the parties can and will be determined in the two pending actions, and no good reason appears why there should be three litigations where two, and possibly one, will suffice. Stated differently, the prosecution of this action would result in a piecemeal litigation of the controversy and would serve no useful or practical purpose, and the Court is of the opinion that plaintiff's complaint should be dismissed.

In passing it might be noted that this Court will not have another session in the El Dorado Division until late this fall, and in all probability one or both

of the other actions will have been concluded prior to that time, thus rendering the question involved herein purely academic. In this connection, plaintiff prayed for an injunction restraining Thompson from prosecuting the State Court suit, but such an injunction would have been improper had the Court entertained plaintiff's action. Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, at page 274 of 312 U.S., at page 512, of 61 S.Ct., 85 L.Ed. 826; Lumbermens Mut. Cas. Co. v. Sutch, 3 Cir., 197 F.2d 79, 82 (Footnote); H. J. Heinz Co. v. Owens, supra, at page 508 of 189 F.2d; New York Life Ins. Co. v. Roe, 8 Cir., 102 F.2d 28, 31, 123 A.L.R. 279; Pennsylvania R. Co. v. United States, D.C.N.J., 111 F. Supp. 80, 88.

It follows from the foregoing discussion that defendants' motions to dismiss should be sustained, and an order should be entered dismissing plaintiff's complaint.