### BUFFALO CREEK CO-OP. STATE GRAZING DIST. v. ANDERSON et al.
#### No. 860.

District Court, D. Montana, Billings Division.

May 16, 1947.

P. F. Leonard, of Miles City, Mont., for plaintiff.

John B. Tansil, U. S. Atty., of Billings, for Clinton Anderson et al.

E. E. Fenton, of Hysham, Mont., for Ralph Swanson and Lewis Plotts.

G. J. Jeffries, of Roundup, Mont., for James B. Gierson, R. L. Cornwell, G. R. Milburn, H. M. Montgomery, P. L. Robinson, and Bruce T. Mott.

PRAY, District Judge.

In the above-entitled cause, which is an action on a declaratory judgment, the questions arising at this time are found in motions to dismiss by the defendants, and their opening brief appears to contain a fair statement of the case.

The second paragraph of the amended motion on behalf of the United States and its officers therein named reads as follows: "That the defendants Clinton Anderson, H. H. Bennett, Julius A. Krug, Fred W. Johnson, and R. L. Nicholson are officials of the United States of America, and each of said defendants in their official capacities are inhabitants of the District of Columbia and this court can not make valid service upon or acquire jurisdiction of said defendants."

It does not appear that any service, or attempted service, has been made upon the five officials above-named, and counsel for plaintiff concedes: "this action perhaps should be dismissed as to the defendant the United States of America and the defendants not served being * * *," and then follows the names of the aforesaid five officers of the Government. If the question here had remained open, for obvious reasons, the motion would have been sustained as to these six defendants. The only officials of the United States, named as defendants, upon whom service has been made are E. H. Sandberg and R. E. Morgan, and the question presented in respect to these two defendants is whether the court has jurisdiction to proceed in the absence of the United States and their superiors in the Departments of the Interior and of Agriculture,

alleged to be indispensable parties herein, over whom the court can not acquire jurisdiction. Plaintiff contends that the case should not be dismissed as to these two defendants. The principal objection to the naming of these two subordinate officials, or employees, is that it does not appear from the pleadings that either one of them was acting outside of the scope of his authority in any manner detrimental to the interests of any of the parties to the action; this is apparently the test question to be answered, and it is not the first time it has arisen in this jurisdiction and such an objecton has been sustained. Tribal Council Blackfeet Indian Reservation, Mont., et al, v. Ickes, Secretary of the Department of the Interior, et al., D.C., 58 F.Supp. 584, 585; Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1116.

■ Another point urged by counsel is that no controversy exists between the plaintiff and the United States or the officials thereof named in the complaint. As the court understands the case, the only controversy here is between the plaintiff and the defendants Swanson and Plotts, arising over grazing permits issued to them by plaintiff, and that the defendants Sandberg and Morgan have no authority to act in the issuance of such permits.

■ Other grounds relied upon by counsel are that the complaint contains no allegation of diversity of citizenship, and that the action does not arise under the Constitution or laws of the United States, and, in the absence of any other grounds of jurisdiction, this would appear to be decisive.

The motion to dismiss by the defendants Swanson and Plotts raises the questions, as grounds for dismissal, that in reality no controversy exists between the plaintiff and these defendants under any federal law, and that no diversity of citizenship is alleged as a ground of jurisdiction; that it distinctly appears from the complaint that the issues here rest upon the interpretation of the laws of Montana in respect to state grazing districts, and the rights, duties and authority of the directors and members thereof, and that the same legal questions presented here are now pending in the district court of Montana. It would seem that the issue is clearly stated by counsel for Swanson and Plotts in his argument on the motion to strike part of the answer in the case pending in the state court, which is contained in the brief of counsel for plaintiff in the present case, from which it appears that the Government agreement whereby some of its lands were leased to the grazing district is not questioned in any way, and showing that no controversy exists concerning this agreement so far as the Government is concerned; but that the question raised concerns solely the action of the representatives of the grazing district in entering into a lease which is alleged to be beyond their authority and contrary to the state law, and in conflict with the provisions thereof. Counsel there stated in argument: "as the owner of 75,000 acres of land in the grazing district the United States, of course, has the same right and dominion over its own property that any owner would have. Certainly the power of any department of the Federal Government to enter into leases or to makes rules and regulations governing the use of its own land could not be restricted by state legislation and is not here questioned in any way. But we do question the right of the grazing district, an agency of the state charged with the exercise of a portion of the state's police powers, to enter into a lease purporting to delegate and abdicate those powers by granting complete dominion to the federal agency over all of the lands in the state district."

Clearly the contention is that the grazing district has violated the provisions of the state law governing their actions, and that the question presented is one solely for the consideration and determination of the state court. No question is raised as to any act concerning the matter on the part of the federal Government, or any of its officers or agents.

■ The defendants Swanson and Plotts are plaintiffs in the action before the state court, and the parties are practically the same in both cases, with the exception that the directors of this plaintiff are named as defendants in the state court, and in that connection counsel suggests that the grazing district represents the same rights and interests as its own board of directors who

are named as defendants in the pending action before the state court. Other defendants in this case are members of the Montana Grass Conservation Commission; no reason appears for having named them, as no controversy exists between them or their Commission in respect to the agreement in question; and no excuse is found for their presence here, which in the court's view does not serve to create a difference in parties in the cases now pending in state and federal court. Attention is directed to the rule that courts will not ordinarily entertain an action for a declaratory judgment where the same questions are for determination in a pending action between the same parties, and that this is not the proper mode of determining the sufficiency of a legal defense to a pending action, citing Sec. 22, 16 Am.Jur. 295, and Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620.

 Counsel for plaintiff challenges the citation of the Brillhart case, supra, claiming that it has no relation to the case at bar. The court considers this case a very pertinent illustration of principles involved in the instant case, and the language of the Supreme Court is directly applicable: "In view of the important question affecting the interrelationship of the state and federal courts in the administration of the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, we brought the case here, 314 U.S. 606, 62 S.Ct. 482, 86 L.Ed. 487. Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. Aetna Casualty Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; see note, 51 Yale L.J. 415, 511. Compare Canada Malting Co. v. Paterson Co., 285 U. S. 413, 422, 423, 52 S.Ct. 413, 415, 76 L.Ed. 837; Douglas v. New York N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747. The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

The court then goes on to describe what inquiry should be made by the district court, and what questions considered and determined. The fault found there was that the district court did not fully consider whether the issues could be fully adjudicated in the state court action. These are matters for this court to determine under guidance of the principles enunciated in the above decision, and the court has endeavored fully to consider them. Many authorities are cited to sustain this rule, and under the facts presented here the greater weight of authority would seem to support the application of the rule in this case. While it is true that certain defendants above described do not appear in the action pending in the state court it is obvious that no controversy exists between plaintiff and such defendants respecting the aforesaid agreement with the United States; the plaintiff alleges the validity of this agreement, but no question has ever arisen, so far as any allegation discloses, that any dispute has ever existed as to the validity of this agreement on the part of the United States or any of its officers; the naming of these defendants against whom no cause of action appears to exist would not seem to justify the claim that this action is different from the one pending in the state court and that the parties are not the same. These and other questions have been ably presented by counsel for plaintiff, and likewise by counsel on the part of the several defendants, but the court does not deem it necessary further to extend the discussion, and, therefore, being duly advised and good

334

cause appearing, in the opinion of the court the motions to dismiss should be granted, and such is the order of the court herein, with exceptions allowed counsel for plaintiff.