**KIRK v. SPUR DISTRIBUTING CO., Inc.**

**Civ. No. 1306.**

United States District Court
D. Delaware.

Nov. 8, 1950.

David F. Anderson (of Southerland, Berl & Potter), of Wilmington, Del., A. M. Coates, of Helena, Ark. and Powell, Lear & Gaines, of Washington, D. C., for plaintiff.

Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action by a citizen and resident of Helena, Arkansas, to recover damages against a corporation organized and existing under the laws of the State of Delaware. The action is based upon a claim of false arrest and imprisonment allegedly caused by an agent and employee of the defendant in Mississippi and Arkansas and growing out of a charge that the plaintiff had fraudulently passed counterfeit money.

The precise question here involved grows out of a motion by defendant to transfer the case to the Eastern Division of the United States District Court for the Eastern District of Arkansas. The motion is made pursuant to the statute set out in the footnote.[1]

Transposing the language of the Statute, it will be noted that a district court may transfer any civil action "For the convenience of parties and witnesses, in the interest of justice". I will first consider the convenience of the parties and witnesses.

Prior to the bringing of the present action a similar action had been brought in the Circuit Court of Phillips County, Arkansas, by the same plaintiff against the same defendant together with two other defendants. That case had proceeded to the point of submission to the jury when the plaintiff took a voluntary non-suit. The former suit will be hereafter discussed and is now touched upon merely as affecting the parties and witnesses. At the former trial some 16 witnesses were called, all of whom live in or near Helena, Arkansas. The plaintiff lives in that city and the defendant has there an agency and a place of business. The defendant is a corporation of Delaware so that the venue of the present action is without fault. It clearly appears, however, that the defendant does no business in Delaware, merely maintaining a resident agent in this State. A slight application of realism is sufficient to show that such is not an unusual situation. With all parties and witnesses in Helena, Arkansas, a trial at some place in Arkansas could not fail to be more convenient for them and, indeed, that a transfer would be for the convenience of parties and witnesses is not controverted by plaintiff. He does, however, separate the convenience of parties and witnesses from "the interest of justice" and contends for the latter reason the transfer should not be made. This question must now be considered.

The plaintiff states that he "seeks to sue defendant in Delaware because he cannot obtain a fair trial in Helena, Arkansas", and "it is not 'in the interest of justice' to transfer plaintiff to a place where he cannot obtain a fair trial." The latter portion of the statement is, of course, correct and if the plaintiff cannot obtain a fair trial in a transferee jurisdiction, then it would not be in the interest of justice to compel him to suffer such a course. The statement, however, that the plaintiff cannot obtain a fair trial in the United States District Court in Arkansas is such a severe indictment of a court of justice that the mere ipse dixit to that effect cannot alone be accepted, but we must look to the supporting facts. The inquiry as to the underlying contentions and facts leads us to the former trial in the County Court of Phillips County, Arkansas, hereinbefore mentioned. The affidavit of the plaintiff states:

1. 28 U.S.C.A. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"The defense seemed to ignore entirely the true facts of my unlawful arrest and imprisonment and to emphasize the fact that I had moved recently to this vicinity from Illinois and that I had dealt almost exclusively with the Negro population and it was very apparent that this prejudice was built up against me to such an extent that the minds of the jury were poisoned against me and my cause and that it was impossible to secure a fair and impartial trial. * * * the same was noticed by other persons in the Court room, who called it to my attention and after consulting and going over the facts with my attorney and being advised that he also felt that the defense had succeeded in poisoning the minds of the jury against me * * * I then instructed my attorney to take a non suit so that the case might be filed in some other jurisdiction where such prejudice did not exist and where the cause could be tried upon its merits without respect as to where I came from or with whom I had dealt in my business.

"I do not feel that I can secure a fair and impartial trial before a jury even in the United States District Court for the Eastern District of the Eastern Division of Arkansas * * *"

An affidavit of counsel for the plaintiff in the former trial indicates that he has now found that the local feeling and prejudice against the plaintiff existed prior to the former trial and that the defense in that trial seemed to emphasize the fact that the plaintiff had moved to Arkansas from Illinois and was engaged in business that catered mostly to the Negro trade. Counsel concludes that plaintiff could not have a fair trial in Helena, Arkansas.

In addition to the two foregoing affidavits, two other affidavits were filed from persons unidentified except as to name. These affiants do not state that they attended the trial, but do assert that there is a local prejudice against the plaintiff, Kirk, in and around Helena, Arkansas, and they believed it would be impossible for Kirk to obtain a fair trial there.

Upon the other hand, the defendant has presented affidavits from two attorneys representing defendants in the former trial; from the Clerk of the Circuit Court of Phillips County in which the former trial was had; from the Clerk of the United States Court for the Eastern District of Arkansas, and from the judge who presided at the former trial.

The affidavits of counsel for the defendants in the former trial refute any attempt at the trial to produce any prejudice by reason of the fact that Mr. Kirk had moved from Illinois to Arkansas or that he was engaged in business catering mostly to the colored trade. The affidavits allege no witnesses were called for the defense who had even known of Paul Kirk prior to the trial except certain police officers who were familiar with his police record.

From the affidavits of the plaintiff it would appear that if any reasons can be assigned for any adverse local feeling or prejudice against the plaintiff, they stem from two causes: (1) that he is engaged in a photographic business and conducts a small sandwich business catering almost exclusively to the Negro trade; and (2) that he removed some 3½ years ago from Illinois to Arkansas.

As to the first reason, it clearly appears that Phillips County, where the former trial was had, has a population of which about sixty per cent are of the colored race, and that practically all of the business houses of Helena conduct their business primarily with persons of that race and that no prejudice on that ground does or could exist.

The affidavits of the Clerks of the Courts, both of the local Circuit Court and the United States District Court, show the care with which jurors in the respective courts are drawn. These affidavits set out that no prejudice or bias did or could exist for either reason assigned by the plaintiff.

Of particular interest is the affidavit of the Judge who presided at the former trial. This affidavit sets out that every juror was thoroughly examined "for the purpose of ascertaining whether there was any bias or prejudice; that the jury finally selected to try the cause was acceptable by counsel for the respective parties litigant; that the jury finally selected was composed of business

men of Phillips County whose integrity and honesty was above reproach; that during the entire trial of said cause there was no evidence offered, directly or indirectly, which would show or infer any malice, bias or prejudice for or against the parties litigant; that there was no question of racial prejudice involved or concerned in this trial * * *", and that there was no malice, bias or prejudice displayed either by the Court officials or jurors during the trial of the cause.

I must conclude that there is no evidence of unfairness in the former trial which was made abortive by the non-suit taken by the plaintiff.

 The plaintiff, however, claims that he could not obtain a fair trial in Helena, Phillips County, Arkansas, or with a jury drawn from that vicinity. The Eastern Division of the United States Court for the Eastern District of Arkansas, consists of seven counties. These counties have a combined population which I can judicially notice is considerably over 200,000. For one to say that from that number an impartial and unprejudiced jury cannot be drawn is to state an extreme position. But even with this population the plaintiff might still think that a minimum of jurors from Phillips County and a trial at Helena would still prevent a fair and impartial trial.

The affidavit of the counsel for the plaintiff pays high tribute to the United States Judge presiding in the Division to which it is sought to transfer this case. The affidavit states, "I also wish to state that I feel that if the case is transferred to the United States District Court for the Eastern Division of the Eastern District of Arkansas and tried at Helena without a jury that both parties would receive a fair and impartial trial and that no prejudice would exist against either party."

It seems hardly necessary for me to point out that both the place of trial and composition of the jury may largely be safeguarded by the judge who is thus shown so acceptable.

Section 1404(c) of the Judicial Code, 28 U.S.C.A., provides, "A district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1865(a) of the Judicial Code, 28 U.S.C.A., states that petit jurors "shall from time to time be selected from such parts of the district as the court directs so as to be most favorable to an impartial trial". With adequate provisions for a fair and impartial trial both as to place of trial and selection of jurors and an overwhelming convenience of parties and witnesses, I am of the opinion that the case should be transferred to that division and district in which it originated and in which all parties are located and in which all witnesses live.

A jury trial in Delaware would unreasonably impose upon that community the burden of litigation solely affecting persons in Arkansas. A jury in Delaware would be deprived of any personal appearance of witnesses except at such an expenditure of time, money and convenience as to render such a course prohibitive.

An appropriate order may be submitted.