**NATIONAL LEAD CO., Inc. v. ROSAIRE.**

Civ. A. No. 4211.

United States District Court
N. D. Texas, Dallas Division.
March 12, 1951.

John H. Bruninga, St. Louis, Mo., O. O. Touchstone, Dallas, Tex., for the plaintiff.

Earl Babcock, Duncan, Okl., John N. Jackson, Dallas, Tex., for the defendant.

ATWELL, Chief Judge.

The plaintiff, a New Jersey corporation, with its principal office in New York City, brings this action against the defendant, a citizen of the state of Texas, who resides at Dallas, for a declaratory judgment under Title 28 U.S.C.A. §§ 2201 and 2202. The amount in controversy is within the jurisdiction of the court.

Plaintiff alleges that it has engaged continuously since 1938, in the employment of methods and apparatus for logging wells, and since that time has continuously used the same, and has invested large sums of money in the manufacture, maintenance, and use of such methods and apparatus.

That in 1940, the United States issued to defendant a patent for a geophysical prospecting method, and in 1943, a geochemical well logging.

That in 1950 the defendant and others, who were licensees under the said defendant's patents, brought certain suits against the plaintiff for infringement of said patents which suit was not carried to judgment.

That plaintiff has the legal right to manufacture and employ its apparatus and method, and that the defendant has no exclusive right or privilege to manufacture or employ apparatus for logging wells of the character now employed by the plaintiff, and that the defendant has no right to assert any such exclusive privilege under his said patents. That, if he had any claims they are barred by laches, and, by estoppel. That the defendant's patents are wholly

invalid and void, because anticipated by prior art and prior patents.

That the actual controversy between the plaintiff and defendant is substantial. That plaintiff's interest is sufficient to justify judicial determination of the defendant's assertion of infringement, and that the plaintiff has no adequate or complete remedy other than by its complaint for declaratory judgment.

That the court declare the rights and legal relations of plaintiff and defendant, and that the plaintiff has a right to manufacture and use its method, and that the defendant has no right to interfere with such use; that the defendant's said patents are invalid and void; that defendant's rights are barred by laches and estoppel; that the defendant has no right to proceed against, or, institute suit against the plaintiff, or, its customers for infringement, and that the court enjoin the defendant from proceeding in any other district of the United States for infringement.

The defendant moves to dismiss because of lack of jurisdiction. That on the same day that the suit was filed by the plaintiff here, the defendant filed a suit in the Southern District of Texas under the patents and declaring infringement. That the United States District Court for the Southern District of Texas is a proper forum and more convenient for the trial of the cause.

We may leave out of consideration the question of convenience which is also alleged by this defendant, insofar as the trial at Houston would furnish that courtesy to both sides, and proceed at once to the greater and more vital study of the purpose and reason for the declaratory judgment act.

■ The granting of declarations by a court of equity under the national act rests in the sound judicial discretion of the chancellor and must find its basis in good reason, and such good reason is usually discovered in a relief from uncertainty and insecurity with respect to rights, status, and legal relations.

■■ Such discretion should not be exercised for the purpose of trying issues involved in cases already pending, especially where issues can be tried with equal facility. It is not to furnish a new choice of tribunals. Nor should it interfere with an action already instituted. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

■ The Southern District suit is in a forum quite convenient to the plaintiff here, who is a defendant there. Records, and witnesses, and practically everything that attorneys need to make a full presentment of the rights of each side, is available. A suit in that district by this defendant, as plaintiff, charges infringement of its patents. Such patents are: March 5, 1940, Rosaire, et al., No. 2,192,525, and Horwitz, et al., 1943, No. 2,324,085.

It is a long reach of the arm of equity to deprive a patentee of the right, by injunction, to go forward in the protection of that which the government has granted to him.

This dismissal here must be granted without prejudice.