### SEABOARD SURETY CO. v. TEXAS CITY REFINING, Inc.

#### Civ. A. No. 1494.

United States District Court
D. Delaware.

Dec. 12, 1952.

Richard F. Corroon, of Berl Potter & Anderson, Wilmington, Del., David H. Rosenbluth, of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

Thomas Cooch (of Morford, Bennethum, Marvel & Cooch), Wilmington, Del., William L. Marbury and Michael P. Crocker (of Piper & Marbury), Baltimore, Md., for defendant.

RODNEY, District Judge.

The pleadings and affidavits, together with the briefs and arguments of counsel, disclose certain facts that may be epitomized as follows. In this opinion the plaintiff will be called "Seaboard" and the defendant "Texas City."

In 1948 Seaboard executed and delivered a comprehensive blanket position bond insuring Texas City and others against any loss through fraudulent, dishonest or criminal acts of any officer, clerk or other person in the service of the insured to the extent of $100,000. In August, 1949, Texas City was eliminated as one of the insured parties under the bond just mentioned and at or about the same time a new bond insuring Texas City alone was issued in the amount of $250,000, and including substantially the same coverage. At or about the same time Seaboard issued to Texas City another bond, a depositors forgery bond, whereby Seaboard agreed to indemnify Texas City for losses sustained by it to the extent of $100,000 resulting from the forgery or alteration of any check, draft, promissory note, bill of exchange or similar written promise. By letter of October 1, 1951, Texas City notified Seaboard of the discovery of certain facts which might constitute a claim under one or more of the bonds referred to. On March 14, 1952, Texas City filed with Seaboard a proof of loss under the bonds stating that, beginning in August, 1949, Texas City had suffered losses in the sum of about $800,000 due to the fraudulent and dishonest acts of a person who had served as president of Texas City from August 10, 1948, to April 5, 1950. There then followed a period of examination by both the plaintiff and defendant. On August 27, 1952, Seaboard, after reciting certain facts, notified Texas City by letter, stating:

"Under the circumstances, we have no choice but to disclaim liability on any and all of the bonds referred to above to Texas City Refining, Inc. by reason of the actions and transactions reported to us in the information which you have supplied. We have not completed a thorough investigation of this matter, and for that reason, this letter is written with a complete reservation of the rights of this Company, especially with respect to any and all other defenses which may appear upon further investigation."

The limitation of action on the surety bonds expired in December, 1952, but right of action on the forgery bond expired in September, 1952. Upon receipt of the letter of August 27, 1952, Texas City wrote to Seaboard on August 29, 1952, requesting an extension of time to commence action on the forgery bond to 15 months or until December, 1952, so as to ascertain whether all matters could be settled in one litigation. On September 3, 1952, Seaboard granted the extension requested, but notified the defendant that it had already commenced this present action for a declaratory judgment, which action was commenced September 2, 1952. On September 22, 1952, the present defendant, Texas City, filed its complaint against the present plaintiff, Seaboard, in the District Court for the District of Maryland and based on the three bonds hereinbefore recited.

Subsequently in this court Texas City moved (1) to transfer this case to Maryland; (2) to dismiss the action; and (3) to stay this action pending disposition of the action in Maryland. In this court Seaboard applied for a restraining order having the effect of restraining Texas City from prosecuting the action in Maryland.

In the Maryland action the defendant there, Seaboard, moved to transfer that case to the District of Delaware, to dismiss the action, or to stay the action there pending the disposition of the case in Delaware. On November 7, 1952, Judge Coleman in the District Court of Maryland, recognizing that the action in Delaware preceded the action in Maryland, was of the opinion that the Delaware Court should first have the opportunity of determining the motions pending before it and accordingly stayed the Maryland action until December 31, 1952. It is not entirely clear what, if any, weight was given by the Maryland Court to the fact that motions for a restraining order and preliminary in-

junction restraining the prosecution of the Maryland action were then pending before the Delaware Court. This matter is now of no importance as the present plaintiff has abandoned and withdrawn said motions, leaving identical motions both before the Delaware and Maryland Courts.

The motions now before this court are (1) to transfer this to the District of Maryland; (2) to dismiss the action; and (3) for a stay of the action. The motions will be considered in their order.

■ 1. There seems neither reason nor necessity to transfer this action to Maryland. This is an action for a declaratory judgment seeking a declaration that there is no liability on the bonds, but there is pending in Maryland a direct action on the bonds themselves. The same parties are alone involved in both actions and concededly both actions cover precisely the same ground and would allow the presentation of the same claims and defenses. If the cause is to be tried in Maryland the transfer of the present action would add nothing to the status of the matter already there.

■ 2. There seems no reason to dismiss the action. It was brought by a proper party against a proper defendant and proper service had. It is true that at the time the present action was brought it had not been determined by Texas City whether its claims on the two surety bonds and the forgery bond would be embraced in one or two suits, yet Texas City has expressly renounced any claim on the forgery bond, leaving the same bonds involved in both suits.

3. The motion to stay this action in the Delaware Court pending the determination or the prompt prosecution of the Maryland action should be granted.

■ It seems abundantly clear that there is a large amount of sound judicial discretion connected with the grant of a declaratory judgment where a direct action involving the same facts has begun or is about to begin.[1] If this be true, then that same discretion exists as to staying the declaratory judgment action pending the prosecution and disposition of a pending direct action.

One of the historical reasons for declaratory judgment proceedings is to afford relief to one who is threatened with liability but which threat does not mature into action. It is to give relief and to compel the adversary to come forward and assert his claim without undue delay. This reason has little application here. While broad intimations of impending action had been made by Texas City, yet Seaboard knew that these must mature into action within three months or that the limitation would toll its liability. Other reasons must have prompted the somewhat hasty and unannounced action while investigations of liability were still being continued.

■ While I have declined to transfer the action to Maryland, yet those same statutory reasons justifying a transfer under 28 U.S.C. 1404(a), viz., "convenience of parties and witnesses, in the interest of justice," may be efficiently considered in connection with a stay. No convenience of parties, or indeed, witnesses, seems to make a trial in Delaware more desirable. The two districts, Delaware and Maryland, are contiguous and the places of holding court are less than 70 miles apart. No party has any connection with Delaware save that the defendant seeking a transfer or stay is a corporation of Delaware, maintaining a resident agent, but doing no business in the state. No identified witness has any connection with Delaware. Seaboard concedes that either Wilmington or Baltimore as a place of trial is equally convenient and accessible for witnesses. Texas City contends that Baltimore is far more convenient for witnesses and that of eight identified witnesses, all are employed in Baltimore and all but one reside there.

The defendant, Texas City, insists that the preparation and trial of the case involves an investigation of a very large mass of records of complex corporate business transactions of several corporations, and

1. Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411.

that all or a large part of these records are in the custody of an officer of the District Court of Maryland as a result of a series of bankruptcy and reorganization proceedings. It insists that these documents or copies would not be available in Delaware except at great labor and expense.

Indeed, no reason, save one allegation to be subsequently considered, seems to exist having a tendency to show that a trial of the declaratory judgment action in Delaware should take precedence of a trial in Maryland based on the bonds themselves. It is true that the present action for declaratory judgment preceded the action on the bonds by 20 days. It has been established, however, that the mere priority in the bringing of an action does not of and by itself require that case to be first tried where it clearly appears that another case, subsequently brought, and involving the same issues and the same parties, may be more effectively and expeditiously prosecuted with greater convenience and economy.[2] This is true where the first suit is for a declaratory judgment and the second a direct proceeding on the merits and sound reasons for the action appear.[3]

In addition to the convenience of parties and witnesses and in the interest of justice as herein considered, there is one additional suggestion by Seaboard to the effect that the case should not be tried in Maryland. It is suggested, rather than stated, that Maryland may not be an impartial forum for the trial of the case. It is stated in an affidavit that there have been charges of dishonest conduct on the part of an officer of Texas City who will be a witness for Seaboard; that there has been some discussion of these charges in and around Baltimore and that Seaboard might be prejudiced in its defense of the action. This matter has importance for it can never be in the interest of justice to require a trial in a forum in which an impartial trial may not be had. The suggestion, however, is most nebulous and there is no allegation of general feeling or publication of any nature affecting the impartiality of a trial in Maryland. Baltimore, where the court sits, is a city of approximately 1,000,000 inhabitants and the entire District of Maryland has upwards of 2,000,000 inhabitants. Section 1865(a) of Title 28 U.S.C., Judicial Code, provides that petit jurors "shall from time to time be selected from such parts of the district as the court directs so as to be most favorable to an impartial trial". This section was considered by this court in a similar matter in Kirk v. Spur Distributing Co., D. C., 95 F.Supp. 428.

There has been no serious effort to sustain the almost insupportable suggestion that an impartial court and jury may not be obtained in Maryland and the suggestion cannot be accepted.

No reason exists to prevent the present stay except an unwillingness to cast any possible burden on a coordinate jurisdiction. Where, however, all matters of convenience and the interest of justice unite to require that a matter be tried in a particular jurisdiction, then a course should be adopted to achieve that result.

The motion to stay the present action pending the prosecution and disposition of the case in Maryland and subject to any further order of this court will be granted and an appropriate order may be submitted.

2. Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Company, 3 Cir., 189 F. 2d 31, Id., 342 U.S. 180, 72 S.Ct. 219.

3. Samuel Goldwyn, Inc., v. United Artists Corporation, 3 Cir., 113 F.2d 703.