FIREMAN'S FUND INSURANCE COMPANY, a California corporation, Plaintiff,

v.

Joseph A. HANLEY and Ruth C. Hanley, Defendants.

Civ. A. No. 2706.

United States District Court
W. D. Michigan, S. D.
March 27, 1956.

J. T. Hammond, Benton Harbor, Mich., Herbert R. Stoffels, Chicago, Ill., for plaintiff.

John T. Ryan, St. Joseph, Mich., Warner, Norcross & Judd, Harold S. Sawyer, Jr., Grand Rapids, Mich., for defendants.

STARR, Chief Judge.

The defendants' motion to dismiss this present action, No. 2706, must be considered in connection with a prior pending action, No. 2596, between the same parties.

On December 29, 1954, the defendants herein, Joseph A. Hanley and Ruth C. Hanley, his wife, as plaintiffs began suit in the circuit court of Berrien county, Michigan, against the Fireman's Fund Insurance Company, plaintiff in the present action. The Fireman's company as defendant removed that action, No. 2596, to this court on the basis of diversity of citizenship. In that action the Hanleys alleged that on March 13, 1954, the defendant company had issued and delivered to them a policy of fire insurance numbered 512306 in the amount of $30,000 with "special home owners comprehensive form" endorsement and other endorsements thereon, which insured them against physical loss or damage to their brick-veneer, one-family dwelling located at 20 Lake Shore drive in the city of St. Joseph, Michigan. In that action the Hanleys further alleged that on October 13, 1954, following several days of extremely heavy rainfall, a sudden landslide occurred on the premises on which their dwelling was located, resulting in the collapse and total loss of the dwelling. They alleged that their loss and damages resulting from the collapse of their dwelling were covered by the above-mentioned policy issued by the Fireman's company. They asked for judgment in the amount of $30,000 and demanded jury trial. The defendant Fireman's company filed answer denying that the damage to the Hanleys' dwelling was occasioned by a landslide, and denying all liability under their policy. As a further defense it alleged that the policy issued to the Hanleys was void from its inception because the Hanleys had knowingly, wilfully, and fraudulently concealed certain facts and conditions materially affecting its acceptance of the risk. As a further defense it also alleged that the Hanleys' premises on which their dwelling was located bordered on Lake Michigan; that said premises had gradually been eroding for several years; that the damage to their dwelling was caused by the subsiding and settling of their premises as the result of high water, waves, inundation, tide or tidal wave, surface waters, overflow of streams or bodies of water, flood or flood waters, "all whether driven by wind or not"; and that the damage to the Hanley dwelling from any of such causes was not within the risks assumed and was expressly excluded from coverage by their policy and endorsements thereon.

It is clear that the above-mentioned prior action, No. 2596, instituted by the Hanleys against the Fireman's company December 29, 1954, involved the question of the validity of the insurance policy issued to them; the question as to whether their loss and the damages to their dwelling were covered by the policy and endorsements; and also the question as to the amount of their loss and damages.

On June 14, 1955, the Fireman's company (defendant in prior action No. 2596) began the present action No. 2706 against the Hanleys for a declaratory judgment, 28 U.S.C.A. § 2201, determining that its said policy with endorsements issued to the Hanleys March 13, 1954, was void from its inception or, in the alternative, that the loss and

damages sustained by the Hanleys were not within the risk assumed and coverage provided by the policy and endorsements. The Fireman's company further asks that, if its policy is not declared void and the Hanleys' loss and damages are held to be within the coverage of the policy, the court enter a declaratory judgment determining the actual loss and damages sustained by the Hanleys. It also asks that the Hanleys be enjoined from further prosecution of their prior action, No. 2596, pending hearing and determination of the issues involved in the present action, No. 2706.

On July 16, 1955, the Hanleys filed a motion to dismiss the present action on the ground that "there is presently pending before this court Civil Action No. 2596 wherein Joseph A. Hanley and Ruth C. Hanley are plaintiffs, and Fireman's Fund Insurance Company is defendant, involving the same subject matter as this action and all of the matters set forth in this action are available to the plaintiff as defendant in the said Civil Action No. 2596."

It should be noted that in its present declaratory-judgment action the Fireman's company alleges substantially the same grounds for cancellation of the insurance policy in question that it alleged as a defense in the Hanleys' prior action to recover on the policy. Therefore, the question presented by the Hanleys' motion to dismiss is whether further prosecution of prior action No. 2596 should be enjoined pending trial and determination of present action No. 2706, or whether the present action should be dismissed without prejudice to the right of the Fireman's company to assert its defense of invalidity of policy and other defenses in the Hanleys' prior action on the policy.

It is clear that all contentions of fact and law which the Fireman's company asserts in its present declaratory-judgment action as a basis for determining the insurance policy to be void, have been or may be asserted by it as defenses in the Hanleys' prior action on the policy. Therefore, the

Fireman's company has an adequate and complete remedy in the Hanleys' prior action, and, having such a remedy, there is no sound basis for its present action to cancel the policy.

The Hanleys' action to recover on the policy was begun in December, 1954, and the present action by the Fireman's company to cancel the policy was begun in June, 1955. The same parties are involved in both actions and both are now pending in this court. The same questions of fact and law are involved in both actions. The insurance policy involved in both actions will never become incontestable, and there are no other special or unusual circumstances which would require or entitle the Fireman's company to maintain its present action to cancel the policy in advance of a jury trial and determination of all rights and liabilities of the parties in the prior action. Whether the Fireman's company should be permitted to maintain the present action in which it asserts the alleged fraud by the Hanleys in the procurement of the policy as a basis for its cancellation, or whether it should assert the alleged fraud as a defense in the prior action by the Hanleys, is purely a procedural question and relates only to the method and means to be used in determining the rights and liabilities of the parties and the ultimate result or outcome of the litigation. In 15 Cyclopedia of Federal Procedure, 3d Ed., §§ 90.27 and 90.29, pp. 830–832, it is stated:

"§ 90.27. * * * Considerations that have weight as to whether a declaratory judgment action should be dismissed or stayed because of another action or proceeding pending include these: whether the controversy involved in the declaratory judgment action will necessarily be determined in the other suit or proceeding; whether the court in the other proceeding could handle the same matter more expeditiously and appropriately; whether there is an identity of parties in the proceedings; and wheth-

er all questions in issue will be determined in the other suit or proceeding."

"§ 90.29. * * * On the other hand, the declaratory judgment action may or should be dismissed or suspended because of another suit or proceeding which will afford the same relief sought, will determine material issues, or will settle additional issues between the parties as well as those that can be settled in the declaratory judgment action. The declaratory judgment action should not be entertained merely for the purpose of determining issues in a case already pending wherein the issues can be determined with equal facility."

In Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 137 F.2d 62, 65, the court said:

"The general rule pronounced by the Supreme Court is that in insurance cases, in the absence of special circumstances, which are not present here, 'fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, resort to equity being unnecessary to render that defense available.' American Life Ins. Co. v. Stewart, 1937, 300 U.S. 203, 212, 57 S.Ct. 377, 379, 81 L.Ed. 605, 111 A.L.R. 1268, citing Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 385, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 1935, 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Insurance Co. v. Bailey, 1872, 13 Wall. 616, 20 L.Ed. 501; Cable v. United States Life Ins. Co., 1903, 191 U.S. 288, 306, 24 S.Ct. 74, 48 L.Ed. 188."

In the case of Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732, plaintiff Aaron began an action in the circuit court of Virginia to recover on a contract of insurance evidenced by a binder issued by the Piedmont Fire Insurance Company. The company removed the action to the United States district court and later began an action in the same district court for a declaratory judgment determining the contract and binder to be null and void on the ground of fraud and misrepresentation in its procurement. In affirming an order dismissing the insurance company's suit for a declaratory judgment, the appellate court said at page 734:

"It is clear, we think, that the order appealed from should be affirmed. The question as to whether the insurance company was liable on the binder was one for trial by jury whether arising in the action on the binder or in the suit for declaratory judgment. 'Ordinarily when the defense of fraud may be interposed to an action at law on the policy and such action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law'. Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 661, 83 L.Ed. 987; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176. * * *

"Since there was no occasion to retain the declaratory judgment suit for the determination of the rights of those who had stored furs with Aaron or the liability of the other insurance companies, and since the only issue remaining in the case would necessarily be tried in the same way in the action to recover on the binder as in the suit for declaratory judgment, there was no occasion to complicate the record or the procedure by retaining that suit, and the order dismissing that portion of the consolidated proceeding was properly entered. * * * The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised by dismissing

the suit when it is apparent that it will serve no useful purpose. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620."

In Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 570, 59 S.Ct. 657, 661, 83 L.Ed. 987, the court said:

> "Ordinarily when the defense of fraud may be interposed to an action at law on the policy and such an action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law. In such a case the bill is dismissed without prejudice, not because there is want of jurisdiction in the federal court, but because the plaintiff has made no case for equitable relief. Insurance Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Cable v. United States Life Ins. Co., 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188."

In Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 68, 56 S.Ct. 1, 3, 80 L.Ed. 47, the Supreme Court said:

> "This Court has recently pointed out that equity will not compel the cancellation and surrender of an insurance policy procured by fraud where the loss has occurred and a suit at law to recover the amount of the loss is pending or threatened. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. The alleged fraud of petitioners, as well as their alleged destruction of the property insured, are defenses available in suits at law upon the policies. While equity may afford relief *quia timet* by way of cancellation of a document if there is a danger that the defense to an action at law upon it may be lost or prejudiced, no such danger is apparent where, as respondent's bill affirmatively shows, the loss has occurred and suits at law on the

policies are imminent, and there is no showing that the defenses cannot be set up and litigated as readily in a suit at law as in equity. See Enelow v. New York Life Ins. Co., supra, 293 U.S. 379, 384, 385, 55 S.Ct. 310, 79 L.Ed. 440."

In Union Mut. Life Ins. Co. v. Friedman, 2 Cir., 139 F.2d 542, at page 545, the court said:

> "Under both Federal and New York cases an insurer may not, in the absence of special circumstances, maintain an action for rescission upon the ground of false representations in the application for insurance, for the reason that the company may set up fraud in defense of any action brought on the policy and therefore has an adequate remedy at law."

See also Great Southern Life Ins. Co. v. Burwell, 5 Cir., 12 F.2d 244, certiorari denied 271 U.S. 683, 46 S.Ct. 633, 70 L.Ed. 1150; Aetna Ins. Co. v. Carondelet Brewing Co., D.C., 51 F.Supp. 500.

Substantially the same legal questions that are raised by the Hanleys' motion to dismiss the present declaratory-judgment action, No. 2706, were considered and determined by this court in Occidental Life Ins. Co. of California v. Kielhorn, D.C., 98 F.Supp. 288. In that case the insurance company had issued two policies on the life of Walter P. Kielhorn in which his wife, Evelyn Kielhorn, was designated as beneficiary. The insured was killed in the crash of his private airplane, and the beneficiary filed death claims under the policies. The insurance company denied liability and began suit in this court against the beneficiary for rescission and cancellation of the policies on the ground that they had been procured through false and fraudulent representations in the application therefor. The beneficiary then began a law action in this court on the policies, and in granting her motion to dismiss the company's action for cancellation of the policies, this court said at pages 290–297:

"The precise question presented by the defendant's motion is whether the plaintiff [insurance company] is entitled to maintain the present equity action for cancellation of the policies, or whether the defendant is entitled to have it dismissed in order that she may institute an action at law on the policies and have a jury trial of the issues involved. * * *

"The rule has long been recognized that an insurer may not maintain an equity action in a Federal court for cancellation of an insurance policy on the ground of fraud in its procurement, where the insurer has available a complete and adequate remedy at law—that is, where it may assert its claim of fraud in the procurement of the policy in defense of a law action by the beneficiary on the policy. Whether the insurer should be permitted to assert the alleged fraud in the present equity action as a basis for cancellation of its policies or whether it should assert the alleged fraud as a defense in the pending law action by the beneficiary is purely a procedural question and relates only to the method and means to be used in determining the rights of the parties and the ultimate result or outcome of the litigation. * * *

"As the policies have matured and will never become incontestable, the insurer may with equal force assert its claim of fraud and misrepresentation as a defense in the pending law action, or in any subsequent law action begun by the beneficiary. Its right to assert its claim of fraud and misrepresentation in any law action constitutes a complete and adequate remedy at law. * * *

"In Brown v. Pacific Mut. Life Ins. Co., 4 Cir., 62 F.2d 711, at pages 712, 714, in considering a policy containing a two-year incontestable clause, the court said:

" 'The general rule, of course, is that equity will not ordinarily take jurisdiction of a suit for cancellation of a policy of insurance for fraud in its procurement, for the reason that the company has an adequate remedy at law in its right to defend on the ground of fraud in an action instituted on the policies. * * * But where the policy contains an incontestable clause, so that if it be not canceled for fraud within the time limited the right to defend on that ground will be lost, equity will grant relief, as otherwise the company would be without remedy. * * *

" '* * * It is therefore a well-settled doctrine that in cases of this kind, where the primary rights of both parties are legal, * * * equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate; that is, provided the judgment at law will do full justice between the parties, and will afford a complete relief; the adequacy or inadequacy of the legal remedy is the sole and universal test.'

"As the insured in the present litigation [Walter P. Kielhorn] died before the expiration of the two-year contestable period, the obligation on the insurer to pay became fixed by the terms of the policies, and the amount due under the policies became a purely legal demand, subject, of course, to the insurer's right to assert its claim of fraud and misrepresentation in any suit on the policies. In Pacific Mut. Life Ins. Co. of California v. Parker, 4 Cir., 71 F.2d 872, 874, the court said: 'The general rule, which has been long established, is that, after the right to recover on a policy of insurance has matured, equity will not ordinarily take jurisdiction of a suit to cancel it on the ground of fraud, and this for the reason that the company has an adequate remedy at law in its

right to defend on that ground any action which may be instituted on the policy. Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 622, 20 L.Ed. 501; Cable v. United States Life Ins. Co., 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188.'"

The law is well established that if a prior action pending between the same parties will dispose of all issues between them, a court in the exercise of its discretion may refuse to act in a declaratory-judgment action involving the same issues. See Employers' Liability Assur. Corp. v. Mitchell, 5 Cir., 211 F.2d 441, 443, certiorari denied 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137; Sieling & Jarvis Corp. v. National Bulk Carriers, Inc., 2 Cir., 190 F.2d 557; Excess Ins. Co. of America v. Brillhart, 10 Cir., 121 F.2d 776; Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, 3 Cir., 101 F.2d 514; Seaboard Surety Co. v. Texas City Refining, Inc., D.C., 109 F.Supp. 468; E. B. Kaiser Co. v. Ric-Wil Co., D.C., 95 F.Supp. 54. In National Lead Co., Inc., v. Rosaire, D.C., 96 F.Supp. 263, 264, in discussing a declaratory-judgment action the court said:

"The granting of declarations by a court of equity under the national [declaratory-judgments] act rests in the sound judicial discretion of the chancellor. * * *

"Such discretion should not be exercised for the purpose of trying issues involved in cases already pending, especially where issues can be tried with equal facility."

In Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172, 175, the appellate court said:

"It has frequently been said that the granting of relief under the Declaratory Judgment Act is within the sound discretion of the court. * * * Even so, this discretion is a judicial discretion and must find its basis in good reason."

In Seaboard Surety Co. v. Texas City Refining, Inc., D.C., 109 F.Supp. 468, 470, the court said:

"It seems abundantly clear that there is a large amount of sound judicial discretion connected with the grant of a declaratory judgment where a direct action involving the same facts has begun or is about to begin."

In Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, Justice Frankfurter said:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 100, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court."

In Samuel Goldwyn, Inc., v. United Artists Corporation, 3 Cir., 113 F.2d 703, 709, Judge Biggs said:

"One point remains for determination. * * * should the court below in the sound exercise of its discretion have dismissed the amended complaint? The discretion to grant or refuse declaratory relief as was stated in Automotive Equipment, Inc., v. Trico Products Corporation, D.C., 11 F.Supp. 292, 295, '* * * is a judicial discretion, and must find its basis in good reason.'"

In Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653, 656, in discussing declaratory-judgment actions the court said:

"Undoubtedly, the trial court is vested with rather wide discretion in determining whether or not it will exercise existing jurisdiction in cases of this kind. * * *

"It is a general criterion that a court will not entertain jurisdiction in a declaratory action if the identical issues are involved in another pending proceedings."

See Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518; Greer v. Scearce, D.C., 53 F.Supp. 807; Mutual Life Ins. Co. of New York v. Brannen, D.C., 31 F.Supp. 123.

As hereinbefore stated, the grounds which the Fireman's company asserts for cancellation of its policy in its declaratory-judgment action are substantially the same grounds which it asserts as a defense in the prior law action by the Hanleys to recover on the policy. Therefore, it seems that the Fireman's company, by its present action for cancellation of its policy, is endeavoring to obtain a determination of the validity of its defenses in the Hanleys' prior law action on the policy. It has repeatedly been held that a declaratory-judgment action may not be used for the purpose of determining defenses in another pending action. In Buffalo Creek Co-op State Grazing Dist. v. Anderson, D.C., 72 F.Supp. 330, 333, the court said:

> "Attention is directed to the rule that courts will not ordinarily entertain an action for a declaratory judgment where the same questions are for determination in a pending action between the same parties, and that this is not the proper mode of determining the sufficiency of a legal defense to a pending action."

In E. B. Kaiser Co. v. Ric-Wil Co., D.C., 95 F.Supp. 54, 55, the court said: "Nor will the courts hear a declaratory judgment action if it is a mere attempt to anticipate a defense in a pending action."

It should be noted that in its present action the Fireman's company not only seeks a declaratory judgment determining the policy in question to be void, but that, in the alternative, it also asks for a determination as to whether the Hanleys' loss and damages to their dwelling were covered by the policy. Furthermore, in the alternative, it also asks that if the policy is held to be valid and if the Hanleys' damages are held to be within the coverage of the policy, the court enter a declaratory judgment determining the amount of their damages. The law is well established that the determination and assessment of damages are not the pri-

mary purpose of a declaratory-judgment action. In 15 Cyclopedia of Federal Procedure, 3d Ed., § 90.22, p. 827, it is stated: "It is not the function of a declaratory judgment action, and it does not lie, to recover damages." The questions as to the validity of the policy; whether the policy covered the Hanleys' loss and damages; and questions as to the amount of their loss and damages, could more properly be determined in the prior law action. Under the particular facts and circumstances here involved the contention of the Fireman's company that, because of the provisions of Rules 12(b) and 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Hanleys are not entitled to raise the question of their prior pending action by their motion to dismiss is without merit. In 2 Moore's Federal Practice, 2d Ed., par. 12.07, p. 2243, the author says: "The suggestion that Rule 12 has abolished all motions not enumerated in the Rule has been termed 'ingenious but unconvincing.'" Rule 57 of the Federal Rules of Civil Procedure provides: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases *where it is appropriate.*" In discussing Rule 57 it is stated in 3 Barron and Holtzoff, Federal Practice and Procedure, § 1265, pp. 194, 195, as follows:

> "The granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest. It is always the duty of the court to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. * * *

> "That it should rest in the court's discretion is implied from the fact that the act merely conferred power to grant the remedy without prescribing conditions under which it is to be granted."

In 6 Moore's Federal Practice, 2d Ed., par. 57.08, pp. 3031, 3032, 3042, the writer in discussing Rule 57 of the Federal Rules says:

"Although the court will not deny declaratory relief simply because another remedy is available, it may properly refuse jurisdiction where the alternative remedy is better or more effective. The fact that another suit is pending may cause the court to refuse jurisdiction where it is found that the pending action involves identically the same issues as those raised by the declaratory judgment action. * * *

"The fact that another action, involving substantially the same issues, is pending in a state or federal court is a potent factor in the discretionary refusal to assume jurisdiction. * * *

"The maintenance of separate actions involving the same issues should be discouraged. Where a declaratory action presents issues which would necessarily be settled by another pending state or federal action, the court should weigh the relative merits of each of the two actions as of the time of the hearing on the motion to dismiss. The decision on the motion to dismiss should be determined in the light of the purposes of the Act, and by the same principles that normally govern the exercise of judicial discretion in this field—whether a declaratory judgment would serve a useful purpose 'in clarifying and settling the legal relations in issue,' and whether it would 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"

See also 15 Cyclopedia of Federal Procedure, 3d Ed., §§ 90.27, 90.29, pp. 830–833; 6 Moore's Federal Practice, 2d Ed., par. 57.08, pp. 3025–3044.

For the reasons hereinbefore stated the court concludes: (1) That the basic and material issues involved in the present declaratory-judgment action, No. 2706, are substantially the same as the issues involved in the prior pending law action, No. 2596; (2) that the Fireman's company has a complete and adequate remedy at law, in that it may assert its claim of fraud and misrepresentation in the procurement of the policy in question and may assert any other defenses with equal force in the Hanleys' prior law action on the policy; (3) that under the Federal practice and procedure all legal and equitable issues as to the rights and liabilities of the parties under the insurance policy in question can be tried and determined in the prior law action; (4) that no useful purpose would be served by entertaining the present action by the Fireman's company for a declaratory judgment, and such action should be dismissed.

The defendants' motion to dismiss Civil Action No. 2706 is granted, but without prejudice to the right of the Fireman's company to assert its defense of fraud and misrepresentation in the procurement of the policy and other defenses, in the prior pending law action, No. 2596.

An order will be entered dismissing the present action, No. 2706. No costs will be allowed in connection with this motion.