718 FIFTH AVENUE CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-11-01664

Before RESTANI, *Judge.*

(Dated January 23, 1984)

RESTANI, *Judge:* This case is before the court on defendant's motion to strike plaintiff's motion for a declaratory judgment. Plaintiff's motion was filed on November 22, 1983. The motion was filed before defendant answered the complaint. (Defendant's

answer is due on January 23, 1984.) On December 7, 1983, defendant moved to strike the motion for declaratory judgment as untimely.

Plaintiff seeks a declaratory judgment without allowing defendant time to answer. Rule 57, which governs declaratory judgments does not permit this. Under the rules, the earliest time the court could rule on the merits of this action is after the pleadings are closed. Court of International Trade, R. 12(c) and and R. 56. The pleadings will not be closed until the Government's time to answer has passed.[1]

Plaintiff's memorandum in support of its motion for a declaratory judgment establishes that its motion is premature. The memorandum asserts that no material issues of fact exist, and that plaintiff is entitled to relief as a matter of law. These assertions are premature. The court cannot determine whether material issues of fact exist until defendant has had the opportunity to deny the facts asserted in the complaint. The court cannot determine the controlling law until the material facts are determined.

The expediting procedure of Rule 57 does not authorize the procedure plaintiff seeks. The court can order a speedy hearing, but the rule in no way authorizes short circuiting the pleading process. The rules require the court to permit defendant to answer. Court of International Trade, R. 57 and R. 7(a). After defendant has had time to answer, plaintiff may apply for an expedited hearing.

Plaintiff's contention that the court's rules do not authorize defendant's motion to strike is unpersuasive. Defendant's motion is proper under Rule 7(f) which sets out the procedure for applying to the court for an order. The rules do not specifically refer to a motion to strike as a response to a motion for declaratory judgment, however, the motion is an appropriate means to bring the issue of timeliness before the court. "The suggestion that Rule 12 has abolished all motions not enumerated in the Rule has been termed 'ingenious but unconvincing'." *Fireman's Fund Insurance Co.* v. *Hanley,* 140 F. Supp. 206 (W.D. Mich. 1956), 2A MOORE'S FEDERAL PRACTICE par. 12.07[3] (2ed. 1983).

Plaintiff's motion for a declaratory judgment is untimely and it is stricken without prejudice. Plaintiff may make the motion as a properly denominated dispositive motion after defendant has had its opportunity to answer.

The court is aware of plaintiff's time constraints in this action and will require a strong showing of need before granting any request by defendant for an extention of time to answer.

---

[1] Plaintiff has not sought and has not made the requisite showing for temporary relief under Rule 65.